JERRY GREGORY v. MOSES HOBBS and wife et al.

*Pleading—Former Action—Joinder of Causes of Action.*

1. The present system of pleading *permits* but does not *compel* the joinder of sep-
arate causes of action arising out of "the same transaction, or transaction
connected with the same subject of action." The Code, §267.

2. The prosecution to a successful result of a former action against the defend-
ants therein, to declare them trustees of the legal title, for the conveyance and
the recovery of the possession of certain lands, is no bar to a subsequent
action for the recovery of the rents and profits whilst the defendants were in
possession.

CIVIL ACTION tried before *Graves, Judge,* at Fall Term, 1885,
of CHOWAN Superior Court.

The plaintiff brought a former action against the present de-
fendants in the Superior Court of the county of Chowan, the
purpose of which was, to have them declared to be trustees hold-
ing the legal title to a house and lot situate in the town of Eden-
ton for the plaintiff; to have such title conveyed to him; and for
the purpose of recovering possession of the house and lot.

At the Spring Term, 1882, of that Court, a decree was entered in that action declaring the defendants to be such trustees; the legal title to the house and lot was conveyed to the plaintiff, and he took possession of the property.

This action was brought in the same Court, on the 13th day of September, 1882, to recover the "rents" of the house and lot mentioned that accrued while the defendants had possession of and controlled the same.

The defendants by their answer and on the trial insisted, that the plaintiff could not recover in this action, because his claim for such rents ought to have been made and properly set forth as a cause of action, and judgment demanded in that respect in the former action mentioned, and the right thereto determined in that action.

The Court intimated an opinion favorable to the defendants, whereupon the plaintiff submitted to a judgment of non-suit, excepted and appealed to this court.

*Messrs. Reade, Busbee & Busbee,* for the plaintiff.
*Messrs. Pruden & Vann (by brief),* for the defendants.

MERRIMON, J., (after stating the facts). The defendants do not plead in the present action that the cause of action alleged in the complaint was alleged or litigated at all in the former action; but they insist that the cause of action now declared upon ought to have been properly set forth and insisted upon in the former action, and as it was not, it is lost, and the plaintiff has now no remedy as to it.

This contention of the defendants rests upon one of two assumptions: First, that the cause of action of the present action is essentially a part of that of the former one; or secondly, that the cause of action in the present one, not only *might* have been united with that of the former one, but *must* have been, otherwise it ceased to be actionable.

In our judgment neither of these assumptions has any foundation. The purpose of the two actions and the causes of actions alleged in them respectively, are not the same, but entirely different. The object of the former was two-fold: First, to obtain the equitable relief of having the defendants declared to be trustees holding the legal title to a lot of land for the plaintiff, and to have such title conveyed to him; and secondly, to obtain possession of the land.

These causes of action are different in their natures—the character of the allegations necessary to be made in declaring upon them—the character of the defence made to them—in the issues of fact and law raised by the pleadings and in the proofs, from the like things in respect to the cause of action in the present action. The former action in respect to the causes of action set forth in it, had distinctiveness, oneness and completeness, without adding the cause of action in the present one; indeed, if the cause of action in the present one had been included, it must have been done by adding new and distinctive allegations, thus raising additional and different issues, both of law and fact, not at all necessary to a determination of its merits.

This action was brought to recover the rents and profits of the land mentioned for the period the defendants had unlawful possession of it. The cause of action has, if well founded, such distinctive nature and completeness in itself, as that it is capable of being litigated and completely determined alone. This makes it a separate cause of action. The mere fact that it is a result of the causes of action of the former action, does not make it necessarily a part of them.

It is not questioned that the present cause of action *might* have been united in the same complaint with the causes of action alleged in the former action. Indeed, the Code of Civil Procedure (The Code, sec. 267, paragraph 5), recognizing the distinction we have pointed out, provides that, "claims to recover real property, with or without damages for the withholding thereof, and the rents and profits of the same," *may* be united in

the same complaint, whether they be legal or equitable. But this does not imply that such claims or causes of actions *must* be so united. The statute is permissive—it provides that such causes of action *may* be so united—the language employed is, " the plaintiff *may* unite in the same complaint " the different classes of causes of action specified.

The purpose of this provision is to enable and encourage a plaintiff to avoid a multiplicity of actions by uniting several causes of action of certain classes in the same action without encountering the danger arising from the common law rule in respect to duplicity in pleading. But it does not compel the plaintiff to do so—it is left discretionary with him. It would seem that generally, he would, on the score of economy and convenience observe such practice, especially when the causes of action are simple—not attended with complexity ; but there might be good reasons why he would not in some cases, as where the causes of action are of different natures, of great moment, present numerous issues and involve voluminous and complicated facts. The common law does not generally allow such union of causes of action of different natures, because, it leads to prolixity, the multiplication of issues and confusion. In cases where it is very important to have the issues of fact thoroughly tried by a jury, it is not well · to submit a multiplicity of them together—the plain minds of jurors do not readily lay hold of and get a steady and clear perception of several submitted together. The statute has, therefore, wisely and on purpose, left it optional with the plaintiff whether or not he will unite in the same action two or more different causes of action of the classes designated.

This construction of the statute referred to, it seems to us, comports not only with its terms, but as well with its spirit and purpose. It is a literal copy of the New York statute on the same subject, and the courts of that State construe it as we have done. *Livingston* v. *Turner,* 12 Barb., 486 ;˙ *Vanderoot* v. *Gould,* 36 N. Y. R., 645 ; *Larned* v. *Hudson,* 57 N. Y. R., 153 ; Bliss on C. P., sec. 132 ; Pom. P. & R., sec. 494.

There is error. The judgment of nonsuit must be set aside and further action taken according to law.

Error.                                    Judgment accordingly.