MARTHA A. TYLER, and her children. EDWARD L. TYLER, *et al.*
v. LEROY CAPEHEART, ALANSON CAPEHEART and
MINNIE M. CAPEHEART, Executors of W. J. Capeheart.

(Decided October 17, 1899.)

*Estoppel—Former Judgment—Res Judicata—Res Non
Judicata.*

1. A judgment is decisive of the points raised by the pleadings, or
which might be properly predicated upon them; but does not
embrace any matters which might have been brought into the
litigation, or causes of action which the plaintiff might have
joined, but which in fact are neither joined nor embraced by
the pleadings.

2. Although the present cause of action might have been set up as
a second cause of action in a former suit, but was not; and
was not actually litigated, and was not "such matter as was
necessarily implied therein," the plea of *res judicata* will not
avail.

CIVIL ACTION for value of trees cut from land of plaintiffs
by W. J. Capehart, testator of defendants, in excess of $1,177,
debt due him, as per agreement. Tried before *Hoke, J.,* at
May Term, 1899, of BERTIE Superior Court upon the plea of
*res judicata*—other defenses by consent being reserved. His
Honor gave judgment in favor of plaintiffs upon this issue,
and defendants excepted, and appealed.

In support of the alleged estoppel, the defendants read in
evidence the record of a former suit between the same parties,
the complaint therein being as follows:

The plaintiffs complaining in this cause say:

1. That on or before April 2, 1887, the plaintiff John E.
Tyler was the owner in fee simple of a tract of land which
was devised to him by his father, called the Home Place,
where the said plaintiff then and now lives, adjoining the

lands of C. M. Raby, J. J. Jillcott and others, also the Sally Cox land, separated from the last named by the public road from Roxobel to Winton, also devised in said will to said John E. Tyler, and containing together 340 acres more or less.

2. That on that day John E. Tyler and his wife conveyed the said lands to W. J. Capehart by deed duly executed and registered in Bertie County, Register of Deeds' office, book 61, page 451.

3. That when the deed aforesaid was taken by the said Capehart he promised and agreed with plaintiffs to have and to hold the said land in trust for the plaintiff Martha A., who was his daughter, for life and then to the other plaintiffs, her children, in fee simple, and that he would make a deed to them accordingly, reserving only the right to sell enough timber from the said land to pay him the sum of $1,177 of debts due by John E. Tyler to him and to other parties which he agreed to pay for him.

4. That said Capehart died in March, 1895, leaving a last will and testatment in which the defendants, except W. P. Burrus and L. R. Tyler, were named as executors and devisees, respectively, to whom the said lands passed according to the terms of the will charged with the trust aforesaid.

5. That Wm. J. Capehart totally failed to convey the said land to the said Martha A., and her children.

6. That said Capehart sold from the said land during his life sufficient timber from said lands to pay the debts heretofore named in full with interest thereon.

Wherefore they pray judgment that the defendants be declared trustees for the plaintiffs and that they be required to convey said lands to the plaintiff Martha A., for life, and to the *feme* plaintiffs in fee simple.

PRUDEN, VANN & PRUDEN,
*Attorneys for the Plaintiffs.*

125——5

The answer to the foregoing complaint admits secs. 1 and 2—denies secs. 3, 4, 5 and 6—but admits that W. J. Capehart died in March, 1895, leaving a last will, to which the defendants qualified as executors.

The cause coming on to be heard before *Boykin, J.*, at January Special Term, 1896, the following judgment was rendered by him by consent:

In this cause it is ordered; adjudged and decreed that Adelia Tyler is the owner in fee simple of the Sally Cox place mentioned in the complaint, and Leroy Capehart, Minnie Capehart and Alanson Capehart are not the owners thereof. It is further ordered and adjudged that Adelia Tyler is the owner of a life estate in and to the Home Place mentioned in the complaint in this action, and that the children of the said Adelia Tyler, named in said complaint, are the owners in remainder of said Home tract, as mentioned in the complaint, and that Leroy Capehart, Alanson Capehart and Minnie Capehart are not the owners of any interest in said land.

It is adjudged that plaintiffs retain possession of the said lands and recover the costs in this action to be taxed by the Clerk of the Court. Witnesses who attended court in the will case are not to be taxed in this case.

E. T. BOYKIN,
*Judge Presiding Special Term, 1896.*

This judgment rendered by Judge Boykin is relied upon in support of their plea of *res adjudicata* in the present action and as a bar by estoppel to recovery by the plaintiffs. The complaint in the present action is as follows:

The plaintiffs, complaining of the defendants, say:

1. That Wm. J. Capehart died in March, 1895, domiciled in Bertie County, leaving a last will and testament, in which

the defendants were named and have duly qualified as executors.

2. That in April, 1887, John E. Tyler was the owner in fee simple of two tracts of land in said county devised to him by his father, one the Home Place, adjoining the lands of J. J. Jillcott, C. M. Raby and others and lying on the road from Roxobel to Winton, the other lying on the opposite side of the said road and known as the Sally Cox land and adjoining the lands of J. J. Jillcott, H. Bryant and M. F. Raby.

3. That on the day named said Tyler and his wife conveyed the land aforesaid to W. J. Capehart by deed duly executed and registered in Bertie County, book 61, page 457.

4. That at the time of execution of said deed the said Capehart promised and agreed to and with the said Tyler and wife that he would hold the said land in trust for the plaintiff Martha A., who is his daughter, for and during her natural life with remainder in fee simple to her children, the other plaintiffs above named, and to convey the same to them accordingly, reserving only the right to cut enough timber from the said land to pay himself the sum of $1,177, due him by John E. Tyler, and to other persons which he had assumed to pay for him.

5. That the land described was well set in timber trees of great value which the said Capehart after the execution of said deed cut and removed from said land and converted to his own use before the legal title was conveyed to the plaintiffs.

6. That the value of the timber so cut and removed from said land and converted to his own use was largely in excess of the said $1,177, to-wit, $3,600.

7. That the said Capehart died without reconveying the lands according to the terms of his agreement and seized of the same charged with the trust aforesaid, and since his death the title of the same has been conveyed to the plaintiff; where-

fore plaintiffs demand judgment for twenty-four hundred dollars, with interest therefrom and the costs of this action.

MARTIN & PEEBLES,

PRUDEN & PRUDEN,

*Attorneys for the Plaintiff.*

The answer to this complaint, among other defenses, set up the judgment signed by Judge Boykin, as a plea in bar.

The other defenses being reserved, *Hoke, J.,* after argument, overruled the plea in bar, and defendants appealed to the Supreme Court.

*Mr. F. D. Winston,* for defendants (appellants).

*Mr. R. B. Peebles,* for appellees.

CLARK, J.   The plaintiffs brought a former action against the defendants, alleging a conveyance of a certain tract of land to the defendants' testator in parol trust to reconvey when he had sold timber off the land to the amount of $1,177 due said trustee, and that he "had sold sufficient timber from the land to pay said debt" and asking a reconveyance.   This was not contested, and a reconveyance was by consent decreed in that action.   The plaintiffs in this action allege that the value of the timber sold from the land by the defendants' testator while such trustee was $3,600, and seek to recover the surplus above $1,177.   The defendants set up the plea of *res judicata.*

The present cause of action might have been set up as a second cause of action in the first proceeding.   But adjoining it was optional with the plaintiffs.   They were not compelled to do so.   *Gregory v. Hobbs,* 93 N. C., 1; *Lumber Company v. Wallace, Ibid,* 26; Code, sec. 267.   The allegation in the former action was that the defendants' testator had received

from sale of the timber "sufficient" to pay off the trust debt, but whether he had received any, and if so, what amount, over and above the $1,177, which entitled the plaintiffs to a decree for reconveyance,was not actually litigated and was not "such matter as was necesarily implied therein," which is the test laid down in *Williams v. Clouse,* 91 N. C., 322; *Wagon Company v. Byrd,* 119 N. C., 460.   In the latter case, no issue as to J. O. Martin was submitted but he had filed his answer in which he denied the plaintiff's title and claimed to be sole owner.   The issue thus raised by the pleadings "was therefore in litigation, and it was incumbent upon Martin to tender the proper issue and to support it by proof," and as he failed to do so it was held that the judgment decreeing title in the plaintiff was an estoppel on Martin—"not having spoken when he should have been heard, he should not be heard when he should be silent."

The appellant, who relies upon *Wagon Company v. Byrd, supra,* places stress upon the expression therein quoted from 1 Herman on Estoppel, secs. 122, 123, that a judgment is an estoppel and final "not only as to the matter actually determined but as to every other matter which the parties might litigate in the cause and which they might have had decided." These words must be construed with the context.   The controverted point in that case was whether a judgment was an estoppel as to the issues raised by the pleadings, and which could be determined in that action, or only as to those actually named in the judgment.   The Court held the former to be the rule settled by the reason of the thing and by the authorities. It was not held that where (as in the present case) other causes of action could have been joined the judgment was final as to them also.   It was only intended to say that the cause of action embraced by the pleadings was determined by a judgment thereon, whether every point of such cause of action was

actually decided by verdict and judgment or not. The determination of the action was held to be a decision of all the points raised therein, those not submitted to actual issue being deemed abandoned by the losing party, who did not except. *Wallace v. Robeson,* 100 N. C., 206. The opinion in *Wagon Company v. Byrd, supra,* farther on expressly says "the judgment is decisive of the points raised by the pleadings or which might properly be predicated upon them." This certainly does not embrace any matters which might have been brought into the litigation, or any causes of action which the plaintiff might have joined, but which in fact are neither joined nor embraced by the pleadings.

The decision in *Wagon Company v. Byrd,* went to this extent and no further. It has since been cited as authority (by FURCHES, J.), in *Hussey v. Hill,* 120 N. C., 315, and in *Meadows v. Marsh,* 123 N. C., 189.

In the present case the cause of action for reconveyance was equitable, the other for the money received for sale of timber after the receipt of $1,177 necessary to pay off the claim of the trustee was an action at law, and while they might have been, and probably ought to have been, joined in the former action, no issue as to the latter cause of action was raised by the pleadings, nor was it a necessary ingredient in passing upon the mtater in litigation, which was the right to a reconveyance and nothing more. *Jordan v. Farthing,* 117 N. C., 181. In overruling the plea of former judgment there was

No error.