CABE v. VANHOOK.

(December 22, 1900.)

1. *Former Adjudication—Judgment—Two Causes of Action —Will—Specific Performance.*

A judgment that a party can not recover a sum set aside in a will for the erection of a fence, is no bar to an action against the executor for the specific performance of the provision to build such fence.

2. *Parties—Trustees—Executor—Fence—Cemetery.*

Where a testator provides for building a fence around a certain chapel cemetery, the trustees of the chapel are the proper parties to require the executor to perform this provision.

CIVIL ACTION by J. L. Cabe, J. P. Brown, and others, trustees of Clark's Chapel and Cemetery, against A. J. Vanhook, executor of T. C. Vanhook, heard by Judge *Thos. A. McNeill,* at Spring Term, 1900, of MACON Superior Court. From judgment for defendant, the plaintiffs appealed.

*J. F. Ray,* for the plaintiff.
*Jones & Johnston,* and *Shepherd & Busbee,* for the defendant.

CLARK, J. The defendant's testator, in the second clause of his will, provided: "I set apart five hundred ($500) dollars, or so much thereof as may be necessary, to build a good rock fence around the Clark's Chapel graveyard, or cemetery; said fence to be two feet at the base and one foot at top, three and a half feet high, and no top rock shall be shorter than 24 inches, and 12 inches wide." With the exception of $100, the testator left the residue of his estate to his brother, the defendant, who was also appointed executor. In 1896 the trustees of said Clark's Chapel brought

an action against the defendant to recover the $500, to be
expended by them in putting up the wall provided for in the
will.    The defendant demurred on the ground that the will
did not devise said sum, or any other amount, to the trustees
of Clark's Chapel, and that they were not entitled to recover.
At Fall Term, 1897, the demurrer was sustained, and judg-
ment rendered against the plaintiffs that "they take nothing
by their action," and that the defendant recover costs.    Im-
mediately thereafter the plaintiffs began this action against
the defendant, alleging, among other things, besides the clause
of the will and other matter stated in the first action, that
several thousand dollars over and above the debts and lia-
bilities of the estate had come into the hands of the defend-
ant, and that he had refused either to turn the $500 over
to the trustees of the church to build the fence prescribed
in the second clause, or to build the same himself, though
he had often been requested so to do, and that the defendant
had time and again declared that he intended to put the $500
in his own pocket (he being the residuary legatee), and that
no fence should be built with the funds of the testator set
apart in the will for that purpose, and praying judgment
either that defendant turn over to them sufficient funds to
build said wall, or that the Court decree specific performance,
by requiring the defendant to erect, or cause to be erected, the
wall as described and directed by the second clause of the
will.    The defendant answered, and, among other things, set
up as a defense the pleadings in the former action, and the
judgment as aforesaid upon the demurrer, rendered at Fall
Term, 1897.    His Honor sustained the plea of *res judicata*.
and held that this action was barred by said judgment.    In
this there was error.    It is true, the plaintiffs and defendant
are the same, and the subject-matter (the devise for the erec-
tion of a wall around the graveyard) is the same.    But the

cause of action is different. The former action was for the recovery of $500, to be expended by the plaintiffs. The present cause of action is for specific performance of that clause of the will by the executor; there being an allegation of sufficient assets in the hands of defendant, and of refusal by him to erect the wall, and of declarations by him that he intended to divert the $500 devised for the erection of the wall to his own uses. These are distinct causes of action, and, if they had both been stated in the complaint in the former action, a demurrer might have been sustained as to one and overruled as to the other. It follows that, when those two causes of action are set up in different actions, a judgment in one case is not *res judicata* as to the other. This cause of action was not raised or determined, and could not have been determined, upon the complaint filed and demurrer thereto in the former action. *Tyler v. Capeheart,* 125 N. C., 64; *Glenn v. Wray,* 126 N. C., 730.

We are also of opinion that the plaintiffs, as trustees of Clark's Chapel, upon whose grounds the will directed the wall to be built, are the proper parties-plaintiff in an action to require the executor to perform this provision of the will. *Edwards v. Supervisors* (at this term). The judgment is therefore set aside.

Error.