RICHARD WILLIAMS v. HUTTON & BOURBONNAIS COMPANY ET AL.

(Filed 10 December, 1913.)

1. **Judgments—Estoppel—Pleadings—Issues—Trials—Forms—Interpretation of Statutes.**

Under our Code system of pleading, forms which do not make for the speedy trial of a cause of action upon its merits are abolished, and our statute, Revisal, sec. 479, does not require that new matter constituting a defense must exist at the time of the commencement of the action, and inconsistent defenses may be pleaded. Hence, a judgment rendered in another jurisdiction after the present cause has been commenced and is at issue may be taken advantage of by amendment, and pleaded as an estoppel, to be determined at the trial by the court alone if presenting only a matter of law, and by the jury if issues of fact are raised by the pleadings.

2. **Same—Pleas—"Puis Darrein Continuance."**

After pleadings were filed in an action involving the disputed title to lands, the defendant filed a plea *puis darrein continuance,* alleging an estoppel by judgment rendered in the Federal Court, to which the plaintiff replied, denying the jurisdiction of the Federal Court and alleging that there was no identity of or privity among the parties to that action with those of the present one: *Held,* the defendant's plea should be considered as an amendment to the answer, which, not being in the nature of a counterclaim, required no further pleading by the plaintiff to be considered as denied. The practice of the common-law plea of *puis darrein continuance,* and its effect, discussed by AL-LEN, J.

APPEAL by defendants from *Lyon, J.,* at February Term, 1913, of McDOWELL.

This is an action to remove a cloud from the title to land, described in the complaint, in which Richard Williams is plaintiff and the Hutton-Bourbonnais Company and fifteen others, including A. G. Olmstead, M. E. Olmstead, and F. L. Bartlett, are defendants.

The action was commenced in Burke County, and was removed to McDowell County for trial.

After the complaint and answers were filed and issues joined, the defendant filed the following plea, which was duly verified:

"The defendants filing this special plea, since the last continuance, allege and say:

"1. That this action, as they are advised and believe, cannot be maintained, or further prosecuted by the plaintiff, Richard Williams, for that since the commencement of this action a final decree has been rendered in the United States Circuit Court, at Statesville, N. C., and a copy of the same duly filed and recorded and docketed in the office of the Superior Court of Burke County, in an action brought by Herman Bonninghausen, who is in privity with some of the defendants in this action, and holds the title to the lands in controversy as trustee for some of these defendants, against Richard Williams, the plaintiff herein, and others, in which it is adjudged that the plaintiff Bonninghausen is the owner of the identical land sued for in this action, and in which the identical grants sued on in this action, to wit, Grant 17,226, dated 9 July, 1908, and Grant 17,302 to Richard Williams, dated 3 February, 1909, are ordered to be delivered up and canceled of record, and that the same under said decree have been duly canceled of record in the office of register of deeds of Burke County, and by said decree the said R. Williams and each and all persons claiming under or through him are perpetually enjoined and restrained from interfering with, trespassing upon, or asserting any claim of title to any part of said land within the boundary of plaintiff's land, as therein established, a copy of which said decree

of the Circuit Court of the United States for the Western District of North Carolina is hereto attached and asked to be taken as a part of this special plea.

"2. And the defendants plead, allege, and aver that in said decree it is specifically adjudged that the plaintiff, Herman Bonninghausen — who claims under the William and James Erwin and James Greenlee grant, No. 2125, issued in 1795, and by mesne conveyances from said James Greenlee, William and James Erwin, through a special proceeding between their heirs, a trust deed by G. P. Erwin, in said special proceeding appointed trustee to Joshua Kidd, and from Joshua Kidd to William Battye and others, and from William Battye and others to the North Carolina Estate Company, and by judgment of J. M. Barnhardt and others v. the North Carolina Estate Company and others, and from J. M. Barnhardt and others to South Mountain Land Company, and from South Mountain Land Company to A. G. Olmstead, M. E. Olmstead, and F. L. Bartlett, defendants in this action, and through said A. G. Olmstead, M. E. Olmstead, and F. L. Bartlett to the said Herman Bonninghausen—is the owner of all the unsold lands in the said Grant No. 2125, and that the said two grants sued on in this action, to wit, Grant 17,226, dated 9 July, 1908, and Grant 17,302, dated 3 February, 1909, both to Richard Williams, are parts of said Grant No. 2125, and are void and ordered to be delivered up and canceled of record, together with any mesne conveyances under the same, and the said R. Williams perpetually enjoined and restrained from asserting any claim of title to any part of said land in said Grant No. 2125; and these defendants plead the same, a copy of which is hereto attached, in bar of any further prosecution of this action, and that the said plaintiff herein will be in contempt of the said order and decree of the Circuit Court of the United States if said action is further prosecuted.

"Wherefore these defendants pray that this action be dismissed and that they recover of the plaintiff and his sureties their costs of the same, to be taxed by the clerk of this court."

And the plaintiff filed the following verified reply thereto:

"The plaintiff, Richard Williams, acting by virtue of the leave and direction of the court, appearing in the minutes of the court of 26 January, 1912, says in reply to the paper filed as an amended answer to the complaint:

"1. That reserving his exception entered upon the minutes of the term on 26 January, 1912, to the order allowing the defendants to set up the defense of estoppel as a bar to plaintiff's action by refiling as an amendment to their answer on said 26 January, 1912, a formal plea rendered since the last continuance filed theretofore on 23 December, 1911, purporting to be setting up a decree of the Circuit Court of the United States rendered since the last continuance as a bar to the further prosecution of this action, the plaintiff says he denies that the Circuit Court of the United States at Statesville entered and rendered any decree and order in a cause pending in said Circuit Court, wherein it appeared from the record in any such case that the court had jurisdiction of the subject-matter involved in such controversy, constituting the cause of action, and of the parties thereto, and avers and alleges that it appeared upon the face of the pleadings and upon the evidence offered by the complaint in the suit wherein said decree purports to have been rendered that said Circuit Court did not have jurisdiction of the parties and subject-matter in said suit, and that the Circuit Court at Statesville had no jurisdiction or authority to render any such decree, the plaintiff specially avers and pleads that he is advised, and therefore avers, that a full copy, duly certified, of the whole record in said suit brought by Herman Bonninghausen will show upon inspection of the record of the pleadings in said suit, with exhibits and report of the master, Hayden Clement, together with the evidence reported by him, that the said Circuit Court had no jurisdiction or authority to render the decree purported to be rendered by it, and that said decree set up in said paper filed on 26 January, 1912, is not a bar to the further prosecution of this action, and that it is the right and the duty of this court to disregard the said decree, treat it as null and void, and proceed to hear and try this action by a jury.

"2. That the plaintiff denies that the record of the said suit in equity, in which said decree was rendered, will show upon inspection that the said suit involved a controversy, as alleged, between the plaintiff, Richard Williams, and others as defendants, and the defendants to this action as plaintiffs or complainants, and their privities and estates, as to the title of the land in dispute in this action, and demands that the defendants herein produce and file in this court a certified copy of all the pleadings, with exhibits filed as a part of said pleadings in said Circuit Court of Appeals, together with all interlocutory orders entered in said suit, together with the report of Hayden Clement mentioned in the affidavit of defendants, and all of the evidence accompanying said report of Hayden Clement to said Circuit Court in said suit as an exhibit to said report; and the plaintiff demands the production of testimony relied on to prove that Herman Bonninghausen, named as plaintiff in the suit wherein said decree purports to have been rendered, was or is a privy in estate as to the land purporting to be described in said decree or the land described in the complaint in this action as that to which the plaintiff claims title.

"3. That the plaintiff denies the jurisdiction of the said Circuit Court at Statesville to order that the grant to the land in controversy in this action be delivered up and canceled of record, and says that since the paper now filed as an amended answer was filed on 23d December in this court, the plaintiff has ascertained that J. T. Perkins, counsel for the defendant, went into the office of the register of deeds, and, without authority so to do, induced the register of deeds to deface the record of plaintiff's grants under the pretense of authority so to do contained in said judgment of the Circuit Court of the United States at Statesville, which the plaintiff is advised purported upon the face of the record, pleadings, and exhibits to have been rendered in a cause of which the said court at Statesville had no jurisdiction and no authority to make the said decree binding, and a bar by way of estoppel upon the plaintiff.

"Wherefore plaintiff prays judgment:

"(1) That he is the owner in fee of the land in controversy, which is described in the complaint. (2) For cost of action. (3) For such other and further relief as the nature of the case may permit and as to the court may seem just."

At February Term, 1913, of McDowell County Superior Court the defendants moved for judgment upon the pleadings. Motion was by consent continued to be heard at Morganton, N. C., and the motion came on for hearing 19 March, 1913, and being heard upon the pleadings, was denied, and defendants excepted and appealed, and it was ordered that the cause remain on the civil-issue docket of McDowell Superior Court for trial in its regular order.

*Spainhour & Mull, W. T. Morgan, and A. C. Avery for plaintiff.*

*J. T. Perkins for defendant.*

ALLEN, J. The appeal in this case is the result of a misconception of the nature of the pleadings filed by the defendants.

Under the common law, defenses arising after the commencement of the action could not avail the defendants for the purpose of adjudging the rights of the parties, and were only effective to dismiss the action then pending. If they arose after the commencement of the action and before the defendant filed his plea, he could take advantage of them in the plea, and after plea filed by a plea *puis darrein continuance.*

The pleas had to be under oath, and if since the last continuance, were a waiver of other pleas. 1 Chitty Pl., 657-9; *Yeaton v. Lynn,* 5 Pet., 231; *White v. Guest,* 6 Blackf. (Ind.), 231; *Rowell v. Hayden,* 40 Me., 585; *Bank v. Bank,* 32 Ind., 429; *Allen v. Newberry,* 8 Iowa, 69; *Mount v. Scholes,* 120 Ill., 399.

In the last case, which is based on Chitty and Tidd, the Court summarizes the procedure and its effect: "The rule upon this subject, at common law, is that any matter of defense arising after the commencement of the suit cannot be pleaded in bar of the action, generally. If such matter arise after the commencement of the suit and before plea, it must be pleaded to the further maintenance of the action. But if it arise after plea, and

before replication, or after issue joined, whether of law or fact, then it must be pleaded *puis darrein continuance.* A plea of this kind involves grave legal consequences that do not attach to an ordinary plea. It only questions the plaintiff's right to further maintain the suit. When filed, it, by operation of law, supersedes all other pleas and defenses in the cause, and the parties proceed to settle the pleadings *de novo,* just as though no plea or pleas had theretofore been filed in the case. By reason of pleas of this kind having a tendency to delay, great strictness is required in framing them. In this respect they are viewed much like pleas in abatement, and, for the same reason, they must, like those pleas, be verified by affidavit."

Under the Code system, which prevails with us, forms which do not make for the trial of causes upon the merits as speedily as possible are abolished, and instead of the pleas referred to, which, if true, would only defeat the action pending, the defendant may have the benefit of defenses arising after the commencement of the action by supplemental answer.

In 31 Cyc., 506, the author correctly states the new rule: "As a general rule, defendant may, with leave of court, file a supplemental answer alleging any facts which may have arisen or become known since the commencement of the suit and which may have a material bearing on the final determination of the suit, such as a settlement between the parties or a discharge in bankruptcy. Such new matter must be in addition to, or in continuance of, the original matter alleged, and the court may refuse to file a proposed supplemental answer when the allegations contained therein are not material, or do not show a defense to plaintiff's claim, or are of facts which occurred previous to the filing of the original answer. Any defense which defendant could, as a matter of right, have pleaded *puis darrein continuance* under the old procedure should be allowed under The Code as a supplemental answer. If the sufficiency of a supplemental answer is doubtful, the court will not determine on a motion the validity of the defense set up by it, but will allow it to stand."

The Revisal, sec. 479, does not require that new matter constituting a defense must exist at the time of the commencement of the action, and a defense arising thereafter was recognized in *Puffer v. Lucas,* 101 N. C., 285, and in the later case of *Smith v. French,* 141 N. C., 2, it was held that, "A counterclaim connected with the plaintiff's cause of action or with the subject of the same (Revisal, sec. 481, subsec. 1) should not necessarily or entirely mature before action commenced, nor even before answer filed."

It is also permitted under our practice to plead inconsistent defenses (*McLamb v. McPhail,* 126 N. C., 218), and matter alleged as a defense not constituting a counterclaim is deemed to be denied without a reply. *Smith v. Burton,* 137 N. C., 79.

An estoppel by judgment is new matter constituting a defense which must be pleaded, and when relied on, it must be established like other defenses, at the time of trial by the verdict of the jury, unless the facts relating to the plea are admitted, when it may be passed on by the judge as matter of law. *Harrison v. Hoff,* 102 N. C., 126; *Blackwell v. Dibbrell,* 103 N. C., 270.

It follows, therefore, that the plea filed by the defendants has no other legal effect than to allege another defense by supplemental answer, in addition to those theretofore relied on, to which it was not necessary to reply, as it has none of the elements of a counterclaim, and which must be passed on by a jury, unless all the facts are agreed to.

The parties to the two actions are not the same, and when we turn to the reply, filed unnecessarily by the plaintiff, we find not only a denial of jurisdiction in the Federal Court, which *may* be a question of law to be determined by the Court, but also a denial of any privity between the defendants in this action, and the plaintiff in the judgment relied on, which is an issuable fact, and if there is no privity, the defendants cannot rely upon the judgment.

An interesting and important case upon the question of privity, as applied to the facts before us, is *Bryan v. Malloy,* 90 N. C., 510.

We are, therefore, of opinion that his Honor correctly held that the defendants were not entitled to judgment on the pleadings or to one dismissing the action.

The "consent" referred to in the ruling of the court was not a consent that the judge should find the facts and adjudicate the rights of the parties, but that he might hear the motion of the defendants at another place, instead of at the place where the motion was first returnable.

Affirmed.