D. O. BRINKLEY v. JOHN L. ROPER LUMBER COMPANY.

(Filed 16 September, 1914.)

Removal of Causes—Diversity of Citizenship—Amount Involved—
Title to Lands.

> Where a cause is sought to be removed from the State to the
> Federal court for diversity of citizenship, and it appears from
> the complaint that damages are alleged for cutting plaintiff's
> timber in the sum of $2,250, and the petition to remove denies
> plaintiff's title to the lands, valued at $800, the title to the lands
> is in controversy, and the amounts thus involved exceeding
> $3,000, exclusive of interest and cost, it is sufficient for the pur-
> poses of removal. *Corporation Commission v. R. R.*, 135 N. C.,
> 81, cited and distinguished.

APPEAL by plaintiff from *Bond, J.,* at August Term, 1914,
of WASHINGTON.

*Ward & Grimes for plaintiff.*
*Small, MacLean, Bragaw & Rodman, and W. M. Bond, Jr.,*
*for defendant.*

CLARK, C. J. This is an appeal from an order removing the
cause to the United States District Court. The complaint al-
leges that the plaintiff is the owner in fee of a certain tract of
land therein set out and that the defendant has wrongfully cut
and removed therefrom timber to the value of $2,250. The
defendant alleges that it is a corporation of the State of Vir-
ginia, and that the amount in dispute exceeds $3,000.

Upon the face of the petition the cause is removable, for in
addition to the recovery of $2,250 sought to be recovered for
damages, the petition for removal avers: "That the defendant
in good faith claims to own said land, and the title to same will
be put in issue; that the said land so involved in this suit, and
which the plaintiff seeks to recover, was worth when this suit
was begun and is still worth the sum of $800; and thus it ap-
pears from the allegation of the complaint that the amount in
dispute exceeded when this suit was brought and still exceeds
the sum of $3,000, exclusive of interest and costs."

BRINKLEY *v.* LUMBER CO.

The complaint alleges title to the realty and the denial puts the value thereof in issue, for the determination of this action would be an estoppel as to title in any other action (*Tyler v. Capehart,* 125 N. C., 64), and the value of the land is therefore a part of the amount in controversy.

While the land is not sought to be recovered, the title to it is to be conclusively determined in this action, and therefore its value is necessarily a part of the amount in controversy. It is held as to an action of ejectment that the value of the matter in dispute is that of the interest in the land sought to be recovered, although the plaintiff avers the interest to be of less value or only an easement in the same, together with damages. 34 Cyc., 1233.

This is not like *Corporation Commission v. R. R.,* 135 N. C., 81, at p. 91, where it appeared that "the amount in controversy was based, not upon the amount that the object of the action might be to the plaintiff, but the inconvenience and loss of the defendant because of the interference of the Corporation Commission with the right of the defendant to manage its large interstate commerce." It was there said that such "statement as to the matter in controversy was simply a conclusion of law, and an erroneous one, in our opinion, from the facts as they appear in the record, and even in the petition."

In the present case the title to the land which is averred to be worth $800 will be conclusively determined and is a part of the amount in controversy as much as the $2,250 damages sought to be recovered.

The order of removal is

Affirmed.