N. M. CHURCH v. VAUGHAN, HEMPHILL & COMPANY ET AL.

(Filed 7 December, 1921.)

**1. Judgments—Consent—Estoppel.**

A consent judgment, like any other, does not go beyond the matters embraced in the action, to estop other and independent transactions existing between the parties, and not necessary to its determination, or within the scope of the inquiry.

**2. Same — Unrelated Judgments — Principal and Surety—Mortgages—Powers—Void Sales.**

A surety on a note whose liability was secured by a mortgage given by the maker on his land, attempted to foreclose under the power of sale, without having paid the note, and thereafter having paid the debt of the maker, judgment was entered by consent of the parties, whereunder a commissioner sold and conveyed to the plaintiff, and the surety was reimbursed from the proceeds. Prior to the entry of the consent judgment, one of the parties obtained by assignment from another and different judgment creditors two judgments taken in unrelated matters: *Held,* the attempted sale by the surety was void, and the party to the action, who had obtained the judgments by assignment, was not estopped by the consent judgment to have execution issue thereunder on the lands.

**3. Judgments—Execution—Prior Liens—Purchaser—Notice—Sales—Appeal and Error—Former Appeal.**

A purchaser at the sale of land under execution takes with notice of prior registered judgments, and a sale of the lands under execution on

these judgments will not be enjoined when the element of estoppel does not exist; nor will the appellant be concluded by the affirmation of the judgment in a former appeal upon which this phase of the controversy was not presented.

**4. Same—Waiver.**

The agreement in a consent judgment that the commissioner appointed for the sale of the lands of the judgment debtor to reimburse the surety on the note in suit shall convey to the purchaser will not be construed as a waiver by a party of his existing lien under judgments that were independent of and not considered in the proceedings.

APPEAL by defendants from *Ferguson, J.,* at Fall Term, 1921, of WATAUGA.

By consent, the judge found the facts. This action is for the permanent restraint of the defendants from the sale of land under execution upon two judgments belonging to them, docketed in the Superior Court of Watauga, one for $45.30, and interest, assigned to them by Hancock Brothers Company, and one for $161.15, and interest, assigned to them by Lynchburg Shoe Company. The plaintiff alleges that the defendants are estopped to sell the land in question under said judgments by reason of a sale of the land under a consent judgment and purchase by plaintiff at a commissioner's sale thereunder.

The defendants denied being estopped by said consent judgment, for that said consent judgment did not in any way refer to or embrace the judgments purchased from Hancock Brothers Company, or the Lynchburg Shoe Company. The defendants caused execution to issue on their above judgments, and had the land advertised for sale, whereupon the plaintiff instituted this action for a perpetual injunction, claiming that the defendants were estopped by the consent judgment to sell the land under said judgments.

The court held as a matter of law that notice to the purchaser, the plaintiff, before the payment of the purchase money, had no effect, and that the defendants are estopped by reason of the consent judgment to sell the land under the judgments herein, that such sale and deed would be a cloud on the plaintiff's title, and rendered judgment perpetually restraining the defendants from selling under said judgment the land described in said consent judgment. The defendants appealed.

*No counsel for plaintiff.*
*R. N. Hackett and Charles G. Gilreath for defendants.*

CLARK, C. J. J. C. Cook and wife, on 16 February, 1916, executed to the defendants their two notes, aggregating $1,416.31, on which R. F. Greene was surety, to whom Cook and wife gave a mortgage to secure him against loss. Subsequently, said Greene, without having suffered any loss, and without foreclosure proceedings, sold the land in question,

and executed a deed to these defendants as purchasers. This sale was premature, illegal, and void, and at Spring Term, 1918, of Watauga, a consent judgment was entered of record, in an action brought by said Cook against these defendants, wherein said sale by R. F. Greene, mortgagee, was adjudged void and set aside, and, R. F. Greene being made a party, it was decreed that the land should be resold by John H. Bingham, commissioner, who was directed to apply the proceeds of said sale to discharge the indebtedness due on said notes, and on payment of purchase money to execute a title in fee to the purchaser. The property, after due advertisement, was sold by the commissioner on 3 June, 1918. The plaintiff, N. M. Church, became the purchaser, and deed was executed to him in fee. Greene had paid the judgments obtained by defendants on the notes to which he was surety, and the resale was to reimburse him.

Before the plaintiff made payment of the purchase money, he was notified by the defendants that they held these two other judgments for $45.30 and $161.15, respectively, which had been docketed 29 January, 1916, and which had been assigned duly on the judgment docket to the defendants on 13 June, 1917, by the plaintiffs in said judgments.

The question presented, therefore, was whether the consent judgment aforesaid is an estoppel upon the defendants to collect the judgments for an entirely different indebtedness, and which had been assigned to them prior to the foregoing consent judgment. The consent judgment, which is set out in the record, shows that the docketed judgments now sought to be restrained were not considered in or affected by the consent judgment for a resale of the lands theretofore irregularly sold by Greene, whose deed to defendants was set aside as void, to reimburse Greene, who had paid off the defendants' other judgments. The agreement therein that the commissioner should make a conveyance in fee to the purchaser upon payment of the purchase money cannot reasonably be construed as an agreement by the defendants herein to waive the lien of these other judgments taken by other parties for an entirely different consideration, and to which Greene was not a party.

The defendants gave the plaintiff full notice, before he paid over the purchase money, that they held the lien of these judgments on the land prior in date to and independent of the claim which Greene had asserted by reason of his having paid off the judgments in favor of the defendants on an entirely different indebtedness. It was the plaintiff's misfortune that he ignored this notice, even if it were incumbent on the defendants to go beyond the legal notice given by the docketing of the judgments.

A consent judgment, like all other judgments, is an estoppel only as to such matters as are therein litigated or "necessarily embraced and determined." *Tyler v. Capeheart,* 125 N. C., 64, and citations thereto in the Anno. Ed.

There was nothing in the consent judgment which can be taken as an agreement to cancel the lien of these judgments held by the defendants which were not embraced in, nor connected with, nor referred to in the consent judgment, nor was there any consideration moving thereto.

This matter was before the Court in this same case, *Church v. Vaughn,* 177 N. C., 432, in which we affirmed the order continuing the restraining order to the hearing. It did not then appear fully, as now, that the judgments sought to be restrained were held by the defendants as assignees, and were in nowise connected with or referred to in the consent judgment, nor within its scope.

Reversed.