G. T. REID v. H. T. HOLDEN, T/A HOLDEN RECAPPING COMPANY,
CARL L. TUCKER AND R. W. ISLEY.

(Filed 30 June, 1955.)

**1. Judgments § 35—**

*Res judicata* is an affirmative defense which may not be raised by demurrer unless the facts supporting the plea appear on the face of the complaint or are alleged or admitted in plaintiff's reply. Otherwise the plea must be raised by answer, in which event it must be determined according to the practice of the court, and ordinarily is not available on motion to dismiss.

**2. Trial § 5½—**

Unless otherwise provided by stipulation, only the documents constituting the record proper are before the court at pre-trial conference, and ordinarily evidence may not be introduced thereat.

**3. Judgments § 32—**

Generally, the plea of *res judicata* may be sustained only when there is an identity of parties, of subject matter, and of issues.

**4. Same—**

Plaintiff-relator is the real party in interest in an action brought in the name of the State on official bonds, G.S., 109-34, G.S. 109-35, and he will be so considered in determining the identity of the parties under a plea of *res judicata.*

**5. Judgments § 35—**

Upon a plea of *res judicata* the prior judgment must be interpreted with reference to the pleadings, the evidence, the judge's charge, and the issues submitted to and answered by the jury.

**6. Same—**

Where a prior action relates solely to a cause of action for personal injuries from an assault, the judgment therein is not *res judicata* as to a subsequent action for tortious injury and damage to personal property, even though based on the same transaction, and even though both causes might properly have been joined in the prior action, since plaintiff is not required to so join them in order to prevent a judgment in the one from barring an action in the other.

**7. Same—Ordinarily it is error for the court on pre-trial hearing to dismiss the cause on the plea of res judicata.**

Plaintiff instituted action for tortious injury and damage to his automobile and for the wrongful seizure and conversion of tires therefrom. Defendants entered a plea of *res judicata* on the ground that in a prior action by plaintiff as relator he sought to recover actual and punitive damages for personal injuries from an assault committed by some of the defendants in executing claim and delivery. *Held:* On the pre-trial hearing at which the evidence and charge of the court in the former action were not before the court so that it could not be determined to what

extent, if any, the claim and delivery proceeding was determined by the jury and adjudicated by the court in the former action, the dismissal of the action on the plea of *res judicata* was error.

**8. Trover and Conversion § 3—**

The one-year statute of limitations does not apply to action for tortious injury and damage to personal property or for wrongful seizure and conversion of personalty.   G.S. 1-52, G.S. 1-54.

**9. Conspiracy § 1—**

A civil action for conspiracy will not lie for an unlawful agreement alone, but only for damages suffered by plaintiff from some overt act in furtherance of such agreement.

**10. Same: Judgments § 35—**

When a judgment exonerates the conspirators who perform the overt act, it must of necessity exonerate an absentee conspirator who committed no overt act resulting in damage.   But where the complaint alleges that all the defendants committed the wrongful acts pursuant to the unlawful conspiracy, and it is not made to appear on the plea of *res judicata* that one of defendants, who was not a party to the prior action, was an absentee conspirator, the dismissal of the action as to him is error.

**11. Same—**

Dismissal of an action for an assault on the plea of *res judicata* is error when it does not appear from the pleadings, admissions or evidence that the same assault was the basis of the prior action.

**12. Limitation of Actions § 15—**

The defense of the statute of limitations must be pleaded affirmatively by answer and cannot be considered upon demurrer.   G.S. 1-15.   Ordinarily such plea will not be considered on a motion to dismiss.

**13. Assault § 7½—**

Where it affirmatively appears from the complaint that the cause of action for personal injuries was based on an assault occurring more than one year prior to the institution of the action, the cause of action is barred.   G.S. 1-54 (3), nothing else appearing.   The present cause being remanded, plaintiff may move, if so advised, for leave to amend in order to plead such facts, if any there be, as would repel the bar of the statute.

APPEAL by plaintiff from *Phillips, J.,* 11 October, 1954, Civil Term of GUILFORD, Greensboro Division.

Plaintiff alleges, in substance, that defendants entered into a conspiracy unlawfully to repossess five automobile tires plaintiff had purchased *on credit* from defendant Holden; that defendant Tucker was a constable; that defendant Isley was a deputy sheriff; that pursuant to such conspiracy, to wit, on 12 April, 1952, *defendants,* in order to gain possession of the tires, "shot the plaintiff in the face" with tear gas, causing the loss of his left eye and impairing the use of

his right eye and otherwise injuring him; that *defendants* broke the glass out of plaintiff's car and otherwise damaged it; and that *defendants,* acting under *void process,* unlawfully seized the tires and have failed and refused to account to plaintiff for the value thereof. Plaintiff prays judgment against the defendants for actual and punitive damages on account of personal injuries, for damages to his automobile, and for damages for the unlawful taking and conversion of the tires. The reference to "void process" is the only intimation that there had been a prior action between any of the parties relating to the subject of this action.

While there are variations in the separate answers filed by defendants, each defendant set up as pleas in bar three further defenses, viz.:

FIRST FURTHER DEFENSE: That on 13 June, 1952, in the same court, this plaintiff, as relator, instituted a civil action against defendants Tucker and Isley and others, in which he sought to recover actual and punitive damages for alleged personal injuries; that all issues arising on the pleadings herein were raised or could have been raised in said former action; that when said former action was tried at 17 November, 1952, Civil Term, the first issue submitted to the jury was, "Was the plaintiff injured and damaged by the unlawful and wilful assault of the defendants Tucker and Isley, as alleged in the complaint?"; that the jury answered this issue, "No," and did not reach the second and third issues relating to actual damages and punitive damages, respectively; that judgment was entered on the verdict at said term, adjudging that the plaintiff recover nothing from the defendants; that plaintiff did not appeal therefrom; and that said judgment is *res judicata* as to all issues raised by the pleadings herein.

SECOND FURTHER DEFENSE: That on 12 April, 1952, defendant Holden instituted against this plaintiff before a Justice of the Peace a claim and delivery proceeding to recover possession of the five tires referred to in the complaint herein; that defendants Tucker and Isley executed the process, taking possession of the tires under authority thereof; that plaintiff, defendant in said proceeding, failed to give bond to retain possession *pendente lite;* that, at the hearing of said cause on 5 May, 1952, defendant Holden was adjudged entitled to the possession of the tires by virtue of his lien thereon; that plaintiff, defendant therein, did not appeal from said judgment; and that said judgment is *res judicata* as to the issue raised by the pleadings herein relating to the alleged unlawful seizure of the tires.

THIRD FURTHER DEFENSE: That this action was commenced 24 August, 1953; that plaintiff's cause of action, if any, arose 12 April, 1952; and that the one-year statute of limitations, G.S. 1-54, is pleaded in bar of plaintiff's right to recover.

REID v. HOLDEN.

Defendants Tucker and Isley alleged additional facts, not germane to decision on this appeal.

In reply, plaintiff denied that the judgments referred to in the First and Second Further Defenses constituted *res judicata*. Further, plaintiff alleged that the proceeding before the Justice of the Peace, including the purported judgment entered therein, was and is void. Further, plaintiff alleged that his action was not barred by any statute of limitations. Also, plaintiff denied the said additional allegations made by defendants Tucker and Isley.

The cause was calendared for trial on 20 October, 1954. At a pretrial conference, after the pleadings were read, defendants offered *in evidence*, over objection by plaintiff, the summons, complaint, answers and judgment in the former action referred to in said First Further Defense, entitled, "STATE OF NORTH CAROLINA ON RELATION OF GURNEY T. REID, Plaintiff, v. JOHN E. WALTERS, Sheriff of Guilford County, North Carolina; ROBERT W. ISLEY, Deputy Sheriff of Guilford County, North Carolina; J. S. WYRICK, Jailer of Guilford County, North Carolina; CARL LEE TUCKER, Constable of Morehead Township, Guilford County, North Carolina, and NATIONAL SURETY CORPORATION, Defendants." No other evidence was offered.

Thereupon, upon the pleadings herein, and upon the pleadings and judgment in said former action, the court below entered judgment for defendants dismissing the action and taxing plaintiff with the costs. This judgment is predicated upon certain Findings of Fact, set forth therein, and upon rulings sustaining defendants' pleas of *res judicata* and the statute of limitations. Plaintiff excepted to this judgment and appealed, assigning errors.

*Gavin, Jackson & Gavin for plaintiff, appellant.*

*Hines & Boren, Jordan & Wright and Perry C. Henson for defendants Holden and Tucker, appellees.*

*Harry C. Stanley for defendant Isley, appellee.*

BOBBITT, J. As stated by *Seawell, J.*, in *Sanderson v. Ins. Co.*, 218 N.C. 270, 10 S.E. 2d 802: "*Res judicata* is an affirmative plea in bar which must be taken by answer and supported by competent evidence. When properly raised, the issue will be determined according to the practice of the Court, but the defense is not available on a motion to dismiss. *Williams v. Hutton & Bourbonnais Co.*, 164 N.C. 216, 80 S.E. 257; *Redmond v. Coffin*, 17 N.C. 437; *Bear v. Comrs. of Brunswick County*, 124 N.C. 204, 32 S.E. 558."

Nor can this plea be considered on demurrer unless the facts supporting it appear on the face of the complaint. *Hampton v. Pulp Co.,*

223 N.C. 535, 27 S.E. 2d 538; *Miller v. Bank,* 234 N.C. 309, 67 S.E. 2d 362. In the present case, no facts supporting defendants' pleas of *res judicata* appear on the face of the complaint. Nor do the replies contain allegations or admissions sufficient to support such pleas.

Unless otherwise provided by stipulation, only the documents constituting the record proper are before the court at pre-trial conference. When the summons, pleadings and judgment in the former action brought by plaintiff, as relator, were offered *in evidence,* the time for offering evidence had not arrived. However, since plaintiff does not challenge the authenticity of these documents, plaintiff's counsel, upon the oral argument, asked that the court treat as abandoned his exceptive assignment of error based on the admission of this evidence and consider its significance in relation to defendants' pleas of *res judicata.* We accede to this request. Even so, we are mindful that these documents constituted the only evidence before the court below and before this Court.

In the former action, as appears from the caption, plaintiff, as relator, sued the named officials and the surety on their bonds. The action was to recover actual and punitive damages. Briefly stated, the complaint alleged that Tucker, the constable, and Isley, the deputy sheriff, on 12 April, 1952, acting under color of their respective offices, in connection with serving papers in a claim and delivery proceeding, "viciously, maliciously and wantonly assaulted, severely wounded and permanently and seriously injured the relator herein by shooting him between the eyes with a tear gas bomb," etc. Upon defendants' denial, the issue was submitted and answered in favor of defendants; and final judgment adverse to plaintiff-relator was entered.

Generally, the plea of *res judicata* may be sustained only when there is an identity of parties, of subject matter, and of issues. *Leary v. Land Bank,* 215 N.C. 501, 2 S.E. 2d 570; *Coach Co. v. Burrell,* 241 N.C. 432, 85 S.E. 2d 688.

The plaintiff herein was the plaintiff in the former action. True, as required by G.S. 109-34 in relation to actions on official bonds, the action was brought "in the name of the State." But the plaintiff-relator had the absolute right to bring such action. *Boothe v. Upchurch,* 110 N.C. 62, 14 S.E. 642. "Entitled to receive to his own use the money recovered," he was the real party in interest. G.S. 109-35. The conclusive effect of a prior judgment is on the real party in interest, not on a nominal party. 50 C.J.S. 300, Judgments sec. 771; *Patterson v. Franklin,* 168 N.C. 75, 84 S.E. 18.

Defendant Holden was not a party to the former action. Indeed, the complaint therein contains no reference to him. Moreover, the cause of action alleged by plaintiff-relator was for the sole purpose of

recovering damages on account of *personal injuries.* No cause of action was alleged either to recover damages for wrongful seizure and conversion of the tires or for damages to plaintiff's automobile.

While not separately stated, it appears that plaintiff has attempted to allege at least three separate causes of action, to wit, (1) for personal injuries caused by unlawful assault upon him, (2) for damages to his automobile, and (3) for wrongful seizure and conversion of the tires. No demurrer was interposed on the ground of misjoinder of causes of action. *Heath v. Kirkman,* 240 N.C. 303, 82 S.E. 2d 104. The intermixture of these separate causes of action renders it somewhat more difficult to deal with the questions now presented.

It is important to bear in mind that no evidence in relation to the claim and delivery proceeding, referred to in the Second Further Defense, was before the court. It does appear that defendants Tucker and Isley, in their answers to the complaint in the former action, alleged that they were engaged in serving claim and delivery papers on the plaintiff; but, unaided by either the evidence or the charge in the former action, we are unable to determine to what extent, if any, the validity of the claim and delivery proceeding was determined by the jury and adjudicated by the court. It is well settled that a verdict must be interpreted with reference to the pleadings, the evidence and the judge's charge. *Jernigan v. Jernigan,* 226 N.C. 204, 37 S.E. 2d 493. And in determining whether a judgment constitutes *res judicata,* the judgment must be interpreted with reference to the pleadings, the evidence, the judge's charge and the issues submitted to and answered by the jury. *Clinard v. Kernersville,* 217 N.C. 686, 9 S.E. 2d 381.

As stated, the former action included no alleged cause of action on account of damages to plaintiff's automobile. Nor does it appear that this subject was referred to in any pleading in the former action. True, where there is an indivisible cause of action the plaintiff cannot bring suits piecemeal for distinct elements of damage. *Gaither Corp. v. Skinner,* 241 N.C. 532, 85 S.E. 2d 909; *Bruton v. Light Co.,* 217 N.C. 1, 6 S.E. 2d 822; *Underwood v. Dooley,* 197 N.C. 100, 147 S.E. 686. As stated by *Connor, J.,* in *Underwood v. Dooley, supra:* "It is, therefore, well settled in this jurisdiction that one who has sustained damages, resulting from injuries both to his property, and to his person, caused by the single wrong or tort of another, can maintain only one action for the recovery of his damages, and that he cannot split his cause of action, arising from a single wrong or tort, and maintain separate actions against the *tort-feasor,* as defendant, and recover therein for separate items of damage resulting from said wrong or tort."

But a cause of action for an assault inflicting personal injuries, nothing else appearing, is separate and distinct from a cause of action

for tortious injury and damage to personal property. While distinct causes of action belonging to defined classes may be united in the same complaint, G.S. 1-123, the plaintiff is permitted, not compelled, to do so. *Shakespeare v. Land Co.*, 144 N.C. 516, 57 S.E. 213; *Tyler v. Capeheart*, 125 N.C. 64, 34 S.E. 108; *Gregory v. Hobbs*, 93 N.C. 1. "Although a plaintiff, having separate and distinct causes of action against the same defendant, may properly join them in one action, he is not required to do so in order to prevent a judgment on one from barring an action on the other." 50 C.J.S. 114, Judgments sec. 668. In *Shakespeare v. Land Co., supra*, this appears: "The judgment is decisive of the points raised by the pleadings, or which might properly be predicated on them. This certainly does not embrace any matters which might have been brought into the litigation, or any causes of action which plaintiff might have joined, but which, in fact, are neither joined nor embraced in the pleadings." *Jefferson v. Sales Corp.*, 220 N.C. 76, 16 S.E. 2d 462.

For the reasons stated, upon the present record, the court below was in error in holding that the former judgment, under principles of *res judicata*, constituted a bar to the alleged causes of action for (1) tortious injury and damage to the automobile, and (2) for wrongful seizure and conversion of the tires. Nor does the one-year statute of limitations apply to such actions. G.S. 1-52; G.S. 1-54.

In their brief, appellees state: "In the present action the plaintiff alleged that as a result of a conspiracy between the defendant Holden and the defendants Tucker and Isley, the defendants Tucker and Isley wilfully shot the plaintiff in the face with a tear gas gun." Thereupon, they contend that defendant Holden, an absentee conspirator, cannot be liable for acts of defendants Tucker and Isley for which they have been exonerated.

Appellant contends that the cause of action alleged herein is the unlawful conspiracy. On this ground, he contends that the present cause of action is wholly separate and distinct from that alleged in the former action, to wit, a cause of action grounded on specific overt acts of defendants Isley and Tucker.

Attention is called to certain relevant general principles. "Accurately speaking, there is no such thing as a civil action for conspiracy. The action is for damages caused by acts committed pursuant to a formed conspiracy, rather than by the conspiracy itself; and unless something is actually done by one or more of the conspirators which results in damage, no civil action lies against anyone. The gist of the civil action for conspiracy is the act or acts committed in pursuance thereof—the damage—not the conspiracy or the combination. The combination may be of no consequence except as bearing

upon rules of evidence or the persons liable." 11 Am. Jur. 577, Conspiracy sec. 45. To create civil liability for conspiracy there must have been an overt act committed by one or more of the conspirators pursuant to the scheme and in furtherance of the objective. 15 C.J.S. 1000, Conspiracy sec. 5. These principles have been recognized and applied by this Court. *Muse v. Morrison,* 234 N.C. 195, 66 S.E. 2d 783; *Holt v. Holt,* 232 N.C. 497, 61 S.E. 2d 448.

It would seem that, as to a conspirator who committed no overt act resulting in damage, the basis of his liability for the conduct of his co-conspirators bears close resemblance to the basis of liability of a principal under the doctrine of *respondeat superior* for the torts of his agent. It is well established that a judgment in favor of an agent or employee in an action brought by or against a third person in a tort action is a bar to any subsequent action brought by such third person against the principal or employer in which the same alleged tortious acts of the agent or employee are alleged to impose liability upon the principal or employer under the doctrine of *respondeat superior. Coach Co. v. Burrell, supra; Stone v. Coach Co.,* 238 N.C. 662, 78 S.E. 2d 605; *Leary v. Bank, supra.* In *Whitehurst v. Elks,* 212 N.C. 97, 192 S.E. 850, this general statement appears: "Where the relation between two parties is analogous to that of principal and agent, or master and servant, or employer and employee, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, should be accepted as conclusive against plaintiff's right of action against the other. 15 R.C.L. 1027."

Assuming, without deciding, that the facts as to alleged conspiracy have been sufficiently alleged, *Thomas & Howard Co. v. Ins. Co.,* 241 N.C. 109, 84 S.E. 2d 337, the question debated is not now before us; for the statement quoted from appellees' brief is at variance with the complaint. The complaint does not allege that defendants Tucker and Isley committed the alleged wrongful acts, and that defendant Holden is liable solely as an absentee conspirator. Rather, the complaint alleges affirmatively, repeatedly and consistently that all alleged wrongful acts, pursuant to the alleged unlawful conspiracy to repossess the tires, were committed by *the defendants.*

It would seem that the alleged assault by defendants Isley and Tucker, whereby personal injuries were inflicted upon the plaintiff, is the same assault alleged and involved in the former action. If so, their plea of *res judicata* in respect of said alleged assault would seem to be well founded. Yet, in the absence of admissions or evidence, we cannot declare that the incidents referred to are the same.

There remains for consideration the defendants' plea of the one-year statute of limitations. This is applicable to an action "against

a public officer, for a trespass under color of his office." G.S. 1-54(1). While the evidence may so reveal, the plaintiff does not ground his action on trespass under color of office. Even so, the same statute is applicable to an action "for assault." G.S. 1-54(3).

A statute of limitations must be pleaded. It cannot be considered on demurrer. *Lewis v. Shaver*, 236 N.C. 510, 73 S.E. 2d 320. The plea must be interposed affirmatively, by answer. G.S. 1-15. It was so pleaded here.

Ordinarily, such plea would not be considered on a motion to dismiss. *Oldham v. Rieger*, 145 N.C. 254, 58 S.E. 1091. But it appears affirmatively that this action was commenced 24 August, 1953; and that the alleged assault whereby defendants inflicted personal injuries on plaintiff occurred 12 April, 1952. Thus, the action for alleged assault was barred, nothing else appearing. Although plaintiff filed a reply to each answer, he alleged no facts that would repel the plea of the statute. True, he alleged generally that his action was not barred by the statute. *Quaere:* When the complaint discloses that plaintiff's action is barred by a statute of limitations pleaded by defendant, *and the plaintiff replies thereto* without alleging facts sufficient to repel defendant's plea, should such action be dismissed as a matter of law? Since the cause will be remanded, plaintiff may move, if so advised, for leave to plead such facts, if any there be, as would repel the bar of the statute.

For the reasons stated, the judgment of the court below dismissing the action is reversed; and the cause is remanded for further proceedings not inconsistent with the law as stated herein.

Reversed and remanded.