Zimmerman, J.,
dissenting. I am not unalterably opposed to upsetting prior decisions of this court where changing conditions and the lessons of experience clearly indicate the desirability of such course, but, where those considerations do not obtain, established law should remain undisturbed in order to insure a stability on which the lower courts and the legal profession generally may rely with some degree of confidence.
Much may be said in support of the position taken in the majority opinion herein. However, there is a sharp division in the cases as to whether injuries to both person and property suffered by the same person as a result of the same wrongful act give rise to distinct causes of action or to a single cause of action. Less than 13 years ago that question was discussed at some length in the opinion in the case of Vasu v. Kohlers, Inc., 145 Ohio St, 321, 61 N. E. (2d), 707, 166 A. L. R., 855, and the rule in favor of distinct causes of action was carried into the fourth paragraph of the syllabus and approved by a unanimous court.
As is pointed out in the majority opinion, neither of the later cases of Markota v. East Ohio Gas Co., 154 Ohio St., 546, 97 N. E. (2d), 13, nor Mansker v. Dealers Transport Co., 160 *237 Ohio St., 255, 116 N. E. (2d), 3, reversed the law as set out in paragraph four of the syllabus of the Vasu case.
As to the conflict existing among the cases on the matter under discussion, attention is directed to 1 American Jurisprudence, 494, Section 114, and 1 Corpus Juris Secundum, 1334, Actions, Section 104.
In the latter volume, at pages 1334 and 1335, the following succinct and accurate statement appears:
“The question of whether a single tortious act which causes injury to the person and property of plaintiff gives rise to a single cause of action or to two separate causes is one on which there is a sharp conflict of authority * * *. In some jurisdictions an injury to person and to property, although resulting from the same tortious act, constitutes different causes of action. In other jurisdictions the fact that the injuries sustained are diversified in character does not cause two or more causes of action to accrue from a single tort, and a single tort which causes injury both to the person and property of an individual gives rise to but one cause of action # *
There is abundant and respectable authority for both of the above viewpoints. Ohio has deliberately adopted one of them, and I can find no impelling reason for changing the rule at the present time.
In the recent case of Reid v. Holden, 242 N. C., 408, 88 S. E. (2d), 125, the Supreme Court of North Carolina held that, although a cause of action for personal injury is separate and distinct from a cause of action for tortious damage to personal property, they may be united in the same complaint if the plaintiff so elects. Of course, that would also be. true in Ohio.