JOHN A. ATKINSON v. W. A. SMITH and others.

*Receiver—Practice in reference to suits upon bond of.*

Where a receiver is alleged to have committed a breach of trust, the party complaining must first obtain a rule requiring him to render an account, and, if default be found, apply to the court for leave to sue his bond. In this case, the refusal of the motion for judgment upon the bond was proper.

(*Bank* v. *Creditors*, 86 N. C., 323, cited and approved).

CIVIL ACTION heard on report of a referee, at Spring Term, 1883, of JOHNSTON Superior Court, before *MacRae, J.*

The solicitor for the state brought an action under the statute in the name of the state on the relation of himself against William F. Atkinson, guardian of the plaintiff John A. Atkinson, to secure the estate of his ward in his hands. At fall term, 1873, the defendant William A. Smith was appointed receiver in the action; but, afterwards during the same term of the court,

ATKINSON *v.* SMITH.

he declined the receivership, and B. V. Smith was appointed in his stead, and executed his bond as receiver in the sum of one thousand dollars, with the said William A. Smith as his surety, conditioned for the faithful discharge of his duty and obligation in that behalf.

The plaintiff having arrived at the age of twenty-one years, at the fall term, 1882, was allowed to move in said action for, and he obtained, an order, requiring the said William A. Smith to account for the fund he had received as receiver, and also requiring said B. V. Smith to account for the fund he had likewise received, and requiring each to pay the same, respectively, into court.

There was a reference to take proper accounts and ascertain the several amounts due from each of said parties. Notice of the taking of the account was given. The account was taken and report made to the court, from which it appeared there was due from the said William A. Smith the sum of $199; and from the said B. V. Smith the sum of $268.25. No exceptions to the report were entered. Afterwards at spring term, 1883, of said court, the plaintiff moved for judgment against the said B. V. Smith and his surety William A. Smith, upon the said bond given by him as such receiver.

The court denied this motion, but ordered that the report be confirmed, and that William A. Smith pay into court the sum of $202.95; and that B. V. Smith pay into court the sum of $268.25, with interest; and that if the said sums were not paid by said parties respectively, within thirty days, then the plaintiff have leave to bring his action upon the said receiver's bond for the same.

William A. Smith at once paid into court the sum of money specified in the order of the court as to himself.

The plaintiff excepted to the order of the court denying his motion for judgment against B. V. Smith and his surety, upon the bond given by him as receiver, and appealed to the court.

No counsel for plaintiff.

*Mr. T. M. Argo,* for defendants.

MERRIMON, J., after stating the case.    There is no statute of this state, nor any well settled practice under THE CODE, or the common law method of procedure, or in courts of equity, that authorizes such a judgment as that demanded by the appellant. No notice of his motion for judgment upon the receiver's bond had been given the surety, nor had any independent action been brought, nor leave obtained from the court to sue upon the bond.

The regular course of procedure, according to well settled practice in cases like this, is to proceed against the receiver in the first instance, and if he shall fail in the proper discharge of his duty within the scope of his bond, then to obtain leave of the court to sue upon his bond.    It may be, that in some cases, the surety might by order of the court, and upon reasonable notice, be brought into the action in which the receiver had been appointed, and proceeded against therein.    But this is not the usual course pursued, nor is it to be encouraged, if indeed, it could be sustained in any case.    *Bank* v. *Creditors*, 86 N. C., 323; High on Receivers, §129 *et seq;* Kerr on Receivers, 260.

In our judgment, the course pursued by the superior court was the proper one.

There is no error.    The judgment must be affirmed, and it is so ordered.    Let this be certified.

No error.                                             Affirmed.