STATE ex rel. J. H. BOOTHE v. CHARLES D. UPCHURCH et al.

*Clerk Superior Court—Receiver—Bonds, official—Surety.*

When the Clerk of the Superior Court is appointed receiver of a minor's estate under section 1585 of *The Code*, he takes and holds the funds by virtue of his office of Clerk, and his sureties upon his official bond as such officer are liable for any failure of duty on his part in that respect, and it is not necessary to obtain leave of the Court before commencing an action for such failure.

CIVIL ACTION, brought by a relator against C D. Upchurch, Clerk of the Superior Court of Wake County, and his sureties on his official bond, to recover money placed in his hands as receiver of relator's estate during his infancy, and afterwards misapplied by said Clerk, heard before *Connor, J.*, at February Term, 1892, of Superior Court of WAKE County.

The relator became of age shortly before the end of the Clerk's term of office, and immediately (in September, 1890), demanded the money due him. The defendant receiver then promised to settle, but subsequently, and before this action was brought, told relator, in response to a second demand, that he had used the money.

The sureties on the bond filed answers, the Clerk did not answer. The sureties now insist that the complaint does not state facts sufficient to constitute a cause of action, and that the relator was not entitled to recover on the evidence. It was in evidence and was admitted that at January Term, 1889, of the Court (a former guardian of the relator having been removed by an order in a proceeding instituted by the Solicitor on relation of the State, and C. D. Upchurch having been appointed "receiver as Clerk of the Superior Court"), the said Clerk, as receiver, made his report, which showed a balance in his hands due the relator of $968.74, and that no part of the same had been paid. Upon an intimation from the Court that the jury would be instructed, that as the fund

had passed into the hands of the Clerk, in his capacity of receiver, they would respond to the issue fixing the damages "nothing," instead of $968.74 as insisted by the relator, the said relator submitted to judgment of nonsuit and appealed.

*Messrs. R. H. Battle, S. F. Mordecai* and *W. J. Peele,* for plaintiff.

*Mr. T. R. Purnell,* for defendant.

AVERY, J.: The Act of 1844 (Revised Code, §§ 14, 15) empowered the Court of Equity "to appoint the Clerk and Master or some discreet person a receiver to take possession of the ward's estate," in cases where a guardian should be removed. After that Court was abolished, it was provided by the Act of 1868 (Bat. Rev., ch. 53, § 22) that "the Judge of the Superior Court should, in such cases, have the power to appoint some discreet person" to discharge the same duty, and that statute remained unaltered until November 1st, 1883, when section 1585 of *The Code* took effect. It seems that the Code Commissioners were induced by the decision in the case of *Kerr* v. *Brandon,* 84 N. C., 128, which was rendered about the time when the act empowering them to codify the laws was passed, to prepare the amendment to the Act of 1868, which is incorporated in said section, and which authorizes the Judge to appoint "the Clerk of the Superior Court or some discreet person."

The principle laid down in that case was that where the law under which a Clerk or any other bonded officer should be appointed to discharge a fiduciary duty, authorized the Court by its terms to appoint him in his official capacity, the order of the Court, made in pursuance of such provisions of the statute, should be construed to impose upon him a trust for the faithful discharge of which the sureties on his bond should be bound. *Cox* v. *Blair,* 76 N. C., 78; *McNeill* v. *Morrison,* 63 N. C., 508. It is manifest that the sureties are

liable to answer for the default of an officer designated in an order as "C. D. Upchurch, Clerk of the Court," empowered by the order of the Court as ·receiver to take charge of an infant's estate. *Board Education* v. *Bateman*, 102 N. C., 52. Those defendants who are his sureties do not seem seriously to deny their ultimate liability for any breach of the bond which may be shown to have been committed by their principal; but they contend that this action was brought prematurely, and rely upon the case of *Atkinson* v. *Smith*, 89 N. C., 72, to establish the position that the plaintiff could not maintain an action against the receiver, upon his bond, except where the pleadings set forth the fact that leave had been granted by the Court to institute the suit.

No one will contest the soundness of the general proposition that where a creditor of an insolvent corporation or of an insolvent individual proposes to sue a receiver appointed by an order of Court and placed in charge of the assets of the company, or the property taken out of the hands of the person, he must first obtain leave of the Court to bring such action. In the case of *Atkinson* v. *Smith, supra,* the Solicitor on the relation of the State, had brought the action against the guardian, and pending that suit, in which an account was being taken, the Court appointed a receiver who filed bond with the usual condition. Subsequently, in the same action, on motion of the ward, who had meantime arrived at the age of twenty-one, an account was taken of the administration of the fund by the receiver appointed. Upon the coming in of the report, showing that the receiver had failed to account for a certain sum, the Court ordered the report to be confirmed, and further ordered the receiver to pay the sum so ascertained to be due into Court, and that in default of such payment in thirty days, the ward should have leave to sue on the bond.

In the case under consideration it must be remembered : (1) That the plaintiff has not made a motion in the original

cause, but has brought an independent action against the sureties as well as the principal. (2) That the Clerk is not an ordinary receiver, whose power is derived solely from the appointment of the Court, and the bond which the plaintiff seeks to subject is not one executed under the supervision of the appointing power, but that the relator brings his action for a breach of an official bond growing out of infidelity in the discharge of a trust covered by its conditions, which bind him "to account for and pay over according to law all moneys which have come or may come into his hands by virtue or color of his office, or under an order or decree of a Judge." *The Code*, § 1883.

The fact that this fund passed into the hands of Upchurch by virtue of an order of the Court, places no one injured by his default in misappropriating it at a disadvantage in proceeding to hold his sureties accountable, as compared with a plaintiff in execution, whose collected debt had been paid into Court and appropriated by the said officer to his own use, because both funds are alike covered by the express conditions of the bond, the sureties having obligated themselves by the same instrument to answer for both or either of the misappropriations mentioned.

The obligation of the defendant sureties to pay, grows out of their agreement to answer the defaults of various kinds of which the Clerk might be guilty, including misappropriation of any fund placed in his official care "by an order of Court." Judge GRAVES, at the January Term, 1889, ordered a certain fund to be turned over to C. D. Upchurch, as Clerk, whereupon the law and the express terms of the bond placed that fund upon precisely the same footing as any other money entrusted to him under color of his office. We cannot concede that the Clerk discharges this trust as the creature of the Court, and under the rules applicable to ordinary receivers; but we think he holds the money *virtute officii* as Clerk, and that a ward may proceed, on reaching

110 — 5

maturity, as summarily as may any other person who is secured in the same way, against his sureties as well as himself. *Board of Education* v. *Bateman, supra.*

It is not contended that this restriction operates upon any other class of persons who may have lost by the misappropriation of fiduciary funds by the Clerk. The statute (*The Code*, § 1883) provides that every person injured by the neglect, misconduct and misbehavior of any Clerk of the Superior Court, etc., may institute a suit or suits against the officer and the sureties upon his "bonds for the due performance of his duties." The law gives in express terms the right to bring one or more suits upon one or more of the bonds to "every injured person," not on leave from the Court, but absolutely and unconditionally so soon as the breach occurs, except that it is to be instituted in the name of the State. Conceding, therefore, that it may have been necessary to ask the leave of the Court before commencing a suit to subject the bond of "another discreet person" who had been appointed at the instance of the Solicitor, and had filed his bond as receiver in the Court subject to the approval of the Judge, it is manifest that the Legislature did not intend to place the Clerk under the special protection of the Court, where he misappropriates the funds of infants, and thus tie the hands of a class of persons upon whom the law looks with peculiar favor, while all other injured persons may reap the reward of their diligence and promptness in proceeding against him.

If the law would, under any circumstances, impose the duty of giving preliminary notice of the purpose to institute an action of this kind, to the Clerk, other than that implied in the demand for settlement, it would seem that the answer to the relator's second demand that he had used the money, would dispense with the necessity for it in this case.

A trustee who has misappropriated a fund can claim no indulgence on the ground that he needs time to prepare for

a settlement when he admits the breach of the bond; nor can his sureties in such a case insist that needless cost has been incurred by bringing a suit without notice.

We think that the Court erred in intimating that the action had been prematurely brought. For this error, a new trial will be granted to the plaintiff.

　　　　　　　　　　　　　　　　　　　　　　　Error.