DANIEL BLACK v. L. C. GENTERY.

*Action on Receiver's Bond — Sureties — Liability, How Enforced—Defective Statement of Good Cause of Action—Demurrer.*

1. Sureties upon the bond of a receiver do not become parties to a suit on the same or officers of the court by reason thereof, and their liability can be enforced only by an independent action against them, and not by a summary proceeding to show cause or by motion in the cause.

2. Where judgment has been obtained against a receiver he is not a necessary party to an action against the sureties on his bond.

3. In cases where it is necessary to obtain leave to sue on a receiver's bond the complaint should allege that such leave has been granted, but failure to do so is not a defect in the cause of action, but a defective statement of a good cause of action, and is cured by failure to demur especially on that ground.

CIVIL ACTION, against L. C. Gentery and H. S. Vannoy, sureties on the bond of Herman Williams and James E. Clayton, receivers of the Ore Knob Copper Company of Ashe County, against whom the plaintiff had recovered judgment at Spring Term, 1887, of ASHE Superior Court. The action was heard on complaint and demurrer before *Norwood, J.,* at Fall Term, 1896, of ASHE Superior Court.

The complaint did not allege that leave to sue on the receiver's bond had been obtained. The demurrer was as follows :

" 1. That this action ought not to be maintained for that James E. Clayton and Herman Williams, the principals to the bond on which the action is brought, are not parties in this action.

" 2d. For that this action ought not to be maintained in its present form, but if plaintiff had any relief whatever it should be by a motion in the cause now pending in the superior court of Ashe county, entitled Daniel Black, plaintiff, against the Ore Knob Copper Company and James E. Clayton and Herman Williams, receivers, and of this the defendant prays the judgment of the court."

His Honor overruled the demurrer, and gave judgment for plaintiff, and defendants appealed.

*Messrs. R. C. Strong* and *J. W. Todd*, for defendants (appellants).

No counsel *contra.*

CLARK, J.:  Sureties upon the bond of a receiver do not become parties to the suit or officers of the court by reason thereof. *Thurman* v. *Morgan*, 79 Va., 367 ; Gluck and Becker on Receivers, Sec. 88. Their liability can only be maintained and enforced by an independent action in which they have the constitutional right of trial by jury. They cannot be summarily proceeded against by an order to show cause, or motion in the cause, unless they have a part of the trust funds in their hands, and then only to the extent of such funds. *Bank* v. *Creditors*, 86 N. C., 323 ; *Atkinson* v. *Smith*, 89 N. C., 72 ; Beach on Receivers, Sec. 186. This proposition of law is so clear that on this point the demurrer was properly held frivolous. Nor was the first ground of demurrer any more valid, for judg-

BLACK *v.* GENTERY.

ment is averred in the complaint and is admitted by the demurrer to have already been taken against the receivers; and they having failed to pay the same, this action was brought for their default against the sureties. There could be no reason for making the receivers parties to this proceeding.

It is not necessary to obtain leave of court to sue the sureties on the bond of a clerk of the superior court, or other persons who are *ex officio* receivers of certain funds, but in all other cases there must be leave of court to sue the receiver's bond. *Booth* v. *Upchurch*, 110 N. C., 62. The complaint should allege that leave to sue has been granted by the court, (in a case like the present, where such leave should be had,) but failure to do so is not a defect in the cause of action, but a defective statement of a good cause of action, and was cured by failure to demur upon that ground. If there is a demurrer in apt time, the defective complaint could be amended by averring leave of court, if such were the fact.

A demurrer should not be held frivolous unless palpa bly so, (cases cited in Clark's Code, 2d Ed., pp. 349, 350,) but no serious question was raised by the demurrer in this case. The history of this litigation, which has been presented in this Court twice before, (109 N. C., 389, and 115 N. C., 382,) demonstrates the impropriety of appointing as receivers parties interested in the action—here stockholders in the insolvent corporation and plaintiffs in the action in which they were appointed. *Young* v. *Rollins*, 85 N. C., 485. The judgment below is affirmed.

                                                    Affirmed.