MUSICA et al. v. PRENTICE et al.

(Circuit Court of Appeals, Fifth Circuit.   February 10, 1914.)

· No. 2541.

1. BANKRUPTCY (§ 136*)—COURTS OF DIFFERENT DISTRICTS—ANCILLARY JURIS-
    DICTION.
        Where bankruptcy proceedings were instituted in New York, from which
    state the bankrupts fled and were arrested in New Orleans, where large
    sums of money, belonging to the bankrupts' estate were found in their
    possession, the federal court of Louisiana sitting in bankruptcy had juris-
    diction to aid the receiver, appointed by the court of original jurisdic-
    tion, to recover the money as provided by Bankruptcy Act July 1, 1898,
    ·c. 541, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3421) § 2 [20] added by Act
    ·Cong. June 25, 1910, c. 412, § 2, 36 Stat. 839 (U. S. Comp. St. Supp. 1911,
    ·p. 1492), declaring that courts of bankruptcy shall exercise ancillary juris-
    diction over property or persons within their respective territorial limits,
    etc.
        [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec;
    Dig: § 136.*]

2. BANKRUPTCY (§ 115*)—ADMINISTRATION OF ESTATE—RECOVERY OF FUNDS—
    ADVERSE CLAIM.
        Where, in proceedings by bankrupts' receiver to recover funds alleged
    to belong to the estate, it appeared that defendants had no just adverse
    claim to the money, the bankruptcy court had jurisdiction to order its sur-
    render in summary proceedings.
        [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 165; ʹDec.
    Dig. § 115.*]

3. BANKRUPTCY (§ 188*)—ATTORNEY'S FEES—ASSETS.
        Attorneys for bankrupts were not entitled to a lien for fees for services
    rendered to the bankrupts subsequent to the institution of the proceedings
    in an ancillary suit by the receiver to recover moneys belonging to the
    estate.
        [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 270, 286–289,
    291–295; Dec. Dig. § 188.*]

4. BANKRUPTCY (§ 219*)—ATTORNEY FOR BANKRUPT—CLAIM FOR FEES—DE-
    TERMINATION.
        A claim for attorney's fees for services rendered to the bankrupt after
    the institution of the bankruptcy proceedings must be made and deter-
    mined by the court having jurisdiction of the administration of the bank-
    rupts' estate, and cannot be determined by a bankruptcy court exercising
    ancillary jurisdiction.
        [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 356; Dec. Dig.
    § 219.*]

Appeal from the District Court of the United States for the Eastern
District of Louisiana; Rufus E. Foster, Judge.

In the matter of bankruptcy proceedings of Antonio Musica & Son.
Ancillary proceedings by Ezra P. Prentice, as receiver, and others, to
recover money and property belonging to the bankrupts' estate. From
decree granting the relief prayed (205 Fed. 413), Antonio Musica and
others appeal.   Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Henry L. Lazarus, Eldon S. Lazarus, and David Sessler, all of New Orleans, La. (Herman Michel, of New Orleans, La., on the brief), for appellants.

William C. Dufour, H. Generes Dufour, and Gustave Lemle, all of New Orleans, La. (George Janvier, of New Orleans, La., on the brief), for appellees.

Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

SHELBY, Circuit Judge. This litigation involves four separate proceedings by petition in the bankruptcy court and two interventions by claimants of a fund in court. The subject of the controversy is a large sum of money—about $75,000—and some notes, mortgages and insurance policies amounting in value to probably $50,000. The money and securities were found by search in the possession of Antonio, Philip, Arthur, and Lucy Grace Musica. The first three were arrested in New Orleans as fugitives from justice, and the last named was arrested and held as a material witness. The property was first delivered by the city police to the judge of the First City Criminal Court, in which the proceedings were pending, and, by direction of that court, were placed in a bank in New Orleans. Subsequently the City Criminal Court directed that the property be held subject to the order of the bankruptcy court. So there is no question of conflict of jurisdiction in the case before us.

Much has been said in argument about the alleged illegal arrest and search of the Musicas and the alleged illegal seizure of the property, but no questions involving such allegations are material, or necessary to be considered, in the decision of the case presented to us by the record.

Antonio Musica and Philip Musica were partners in trade, under the firm name of A. Musica & Son. All of the property in question, with the exception of about $2,500, was the property of A. Musica & Son. No objection is made as to the disposition by the court below of the part of the fund not belonging to the bankrupt firm. On the same day of the arrest of the Musicas in New Orleans—March 19, 1913— a petition in involuntary bankruptcy was filed in the District Court of the United States for the Southern District of New York against the firm of A. Musica & Son and the individual members of the firm, and on the next day Ezra P. Prentice was, by that court, appointed receiver of the bankrupt partnership, which partnership and the members thereof were duly adjudicated bankrupts. Prentice, as such receiver, appeared by counsel in the court below and prayed to be confirmed as receiver, and, later, filed the four petitions, one against each of the Musicas, to which petitions the custodians of the property were also made parties, seeking in this summary way to recover possession of the money and securities.

[1] The court below had ancillary jurisdiction of the proceedings,

if not under the bankruptcy law as originally enacted, certainly by virtue of the amendment of June 25, 1910, which authorizes courts of bankruptcy to—

"exercise ancillary jurisdiction over persons or property within their respective territorial limits in aid of a receiver or trustee appointed in any bankruptcy proceedings pending in any other court of bankruptcy." 36 Stat. 838.

[2] The sworn admissions of Lucy Grace Musica and Arthur Musica, and the other evidence, left no doubt that the property in question was the property of the bankrupt estate. The parties defendant to these petitions had and asserted no just adverse claim to the fund that would entitle them to test their rights in a plenary suit against them. In such cases the jurisdiction of the bankruptcy court may be exercised against persons so holding assets of the bankrupt estate in a summary way by petition and without plenary suit. Mueller v. Nugent, 184 U. S. 1, 18, 22 Sup. Ct. 269, 46 L. Ed. 405.

An intervening petition of Adams & Generelly was disposed of by the court below in a manner that seems satisfactory to all parties, and it requires no further notice.

[3, 4] On April 28, 1913, the law firm of Lazarus, Michel & Lazarus filed in the court below an intervening petition, claiming $15,000 attorney's fees for services for representing the Musicas in their defense against the proceedings against them in the city of New Orleans and in the courts of Louisiana to protect their property rights and possession, and for representing them against proceedings in New York if their services were there required. The evidence shows the rendition of valuable legal services by the interveners to the Musicas. It contains written contracts and assignments, showing that the compensation was agreed on by the Musicas as alleged by the interveners. All of these agreements were made and the professional services rendered after the petition in bankruptcy had been filed against the firm of A. Musica & Son. It seems clear that, as the money and securities are the property of the bankrupts, the other members of the Musica family could create no charge on the property in favor of the interveners. It is equally clear that A. Musica & Son and the members of that firm, after the beginning of the proceedings in bankruptcy, could, neither directly nor indirectly, create any charge on their assets in favor of the interveners for services to be rendered them in the city and state courts. Provision is made by the Bankruptcy Act, § 64b 3, for one reasonable attorney's fee for services rendered the bankrupt in involuntary cases "while performing the duties herein prescribed." We do not understand the intervening petition as asserting a claim under the provisions of the bankruptcy law; and, besides, if such claim is asserted, it must be decided by the New York bankruptcy court having jurisdiction of the administration of the bankrupt's estate. In re Wood and Henderson, 210 U. S. 246, 28 Sup. Ct. 621, 52 L. Ed. 1046.

The court below sustained the right of the receiver to recover the money and securities which were proved to belong to the bankrupts, and dismissed the intervening petition of Lazarus, Michel & Lazarus,

reserving to them the right to assert whatever claim they have as counsel fees in the bankruptcy court of primary jurisdiction.

The decrees of the court below and the opinion of the District Judge —205 Fed. 413—conform to the views we have expressed.

Affirmed.