PROGRESSIVE BUILDING & LOAN CO., Inc., v. HALL.

(Circuit Court of Appeals, Fourth Circuit.    September 8, 1914.    On Rehearing.
November 27, 1914.)

No. 1259.

1. BANKRUPTCY ☞148—"ASSETS"—SUBSEQUENTLY EARNED WAGES.

Wages of a bankrupt earned after adjudication are not properly a part of the "assets" to be administered.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 625; Dec. Dig. ☞148.

For other definitions, see Words and Phrases, First and Second Series, Assets.]

2. BANKRUPTCY ☞391—BANKRUPTCY COURT—JURISDICTION.

Where a bankrupt assigned wages to be earned in the future to petitioner, a corporation having its principal place of business in the Western District of Virginia, the bankruptcy court sitting in the Eastern District of that state, in bankruptcy proceedings to which petitioner was not a party, had no jurisdiction to enjoin the latter from enforcing the assignment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 637–655; Dec. Dig. ☞391.

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

Petition for Revision of Proceedings of the District Court of the United States for the Eastern District of Virginia, at Richmond, in Bankruptcy; Edmund Waddill, Jr., Judge.

In the matter of bankruptcy proceedings of J. W. Hall. Petition to superintend and revise in matter of law an order enjoining the Progressive Building & Loan Company, Incorporated, from enforcing an assignment of the bankrupt's wages. Reversed and remanded, with instructions to dismiss.

Harper & Goodman, of Lynchburg, Va., for petitioner.

Robert D. Yancey, of Lynchburg, Va., for respondent.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PRITCHARD, Circuit Judge. This is a petition to superintend and revise in a matter of law a judgment of the District Court of the United States for the Eastern District of Virginia, wherein an injunction was issued perpetually restraining the petitioner, a citizen and resident of the Western District of Virginia, from taking any steps to enforce an assignment of wages which had been made by respondent, as will hereinafter appear.

It appears that on November 3, 1913, upon a petition of involuntary bankruptcy, J. W. Hall, respondent, was adjudicated a bankrupt. It further appears that no trustee was appointed in said proceedings. The petitioner is a corporation organized under the laws of the state of Virginia, with its principal office in the city of Lynchburg. It further appears that the respondent secured a loan from the petitioner on the 29th of September, 1913, amounting to $214.50, and duly executed

his note for that sum as of that date, payable to appellant, at which time he also executed and delivered an assignment of his wages to be thereafter earned for the amount of said debt. · On that date respondent was employed by the Norfolk & Western Railway Company, and was still employed by said company at the time of the institution of these proceedings. It further appears that the railway company declined to honor the assignment and also failed to pay the accrued wages to respondent, and on the 14th day of February, 1914, respondent secured an order from the District Court of the United States for the Eastern District of Virginia enjoining and restraining petitioner from the collection of this debt save in the bankruptcy proceedings which were then pending. On the 10th day of March, 1914, petitioner filed a motion to dismiss the injunction and petition on the ground that the court had no jurisdiction, and upon the further ground that, even if the court had such jurisdiction, the assignment of wages held by the petitioner was a valid lien under the provisions of section 67d of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 564 [Comp. St. 1913, § 9651]) which gave petitioner the legal right to collect its debts "free from restraint on the part of the District Court." The learned judge who heard the cause in the court below, after a hearing, refused to dissolve the injunction and discharge the petition of the bankrupt, and entered an order making the injunction permanent, and restraining petitioner from attempting to collect from the Railway Company any sum that might be due by virtue of said assignment of wages.

[1] The lower court based its ruling upon the ground that the fund in controversy was in the custody of the court together with the other property of the bankrupt's estate, and as such was under the control of the court. But, it should be borne in mind that this fund was created by wages earned after the respondent had been adjudged a bankrupt, and therefore was not properly a part of the bankrupt's assets to be administered by the court. 1 Loveland on Bankruptcy, § 28.

[2] However, we do not deem it necessary to enter into a discussion of this phase of the dispute, inasmuch as we are met at the threshold of this cause with the question: Did the District Court, sitting as a court of bankruptcy in the Eastern District of Virginia, have jurisdiction to issue an injunction against the petitioner, a citizen and resident of the Western District of that state?

In the cause of the Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. 208, the Supreme Court passed directly upon this question, and in disposing of the same said:

"As to the injunction, we are of the opinion that there was no power in the District Court to issue an ex parte injunction, without notice or service of process, attempting to restrain the Beekman Lumber Company from suing in a state outside the jurisdiction of the District Court. Such proceeding. could only have binding force upon the lumber company if jurisdiction were obtained over it by proceedings in a court having jurisdiction, and upon service of process upon such creditor.

"Whether ancillary proceedings could be had in a District Court in aid of the jurisdiction of an original court of bankruptcy was a subject of much. discussion and divers decisions in the federal courts. In Babbitt, Trustee, v. Dutcher, 216 U. S. 102 [30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969], and on the petition of Elkus in the matter of the Madison Steel Company, a bank,

rupt, Elkus, Petitioner, 216 U. S. 115 [30 Sup. Ct. 377, 54 L. Ed. 407], the matter came before this court, and it was there determined that there was ancillary jurisdiction in the courts of bankruptcy, in aid of the original juris diction in the bankruptcy court, to make orders and issue processes summarily in aid of the original jurisdiction. In the opinion in Babbitt v. Dutcher, it was pointed out by Mr. Chief Justice Fuller, speaking for the court, that the jurisdiction of the bankruptcy courts under the act of 1898 was limited to their respective territorial limits, and was in substance the same as that provided by the act of 1867, giving such courts jurisdiction in their respective districts in matters of proceedings in bankruptcy. The necessary deduction from these cases is to deny to the District Courts jurisdiction such as was sought to be asserted in this case by the issuing of an injunction against one not a party to the proceeding, and which undertook to have effect in the distant jurisdiction outside the territorial jurisdiction of the District Court. Under the act of 1898, as expounded in the two cases in 216 U. S., supra, the injunction might have been sought in the District Court of the United States in the District in Missouri where personal service could have been made upon the Beekman Lumber Company. Since the decision in the cases just referred to, Congress has passed the act of June 25, 1910, 36 Stat. 838, c. 412 [Comp. St. 1913, § 9587], amending the Bankruptcy Law [Act July 1, 1898, c. 541, § 3, 30 Stat. 546], specifically giving ancillary jurisdiction over persons and prop- erty within their respective territorial limits to the District Courts of the United States in aid of the receiver or trustee appointed in a bankruptcy. proceeding pending in another court of bankruptcy. Statutes of the U. S. of 1909–1911, part 1, page 838."

Thus it will be seen that the Supreme Court has held that in a suit of this character the court has no jurisdiction to proceed against a per- son residing in another district who is not a party to the suit, but that the proper remedy is by ancillary proceedings instituted in the bank- ruptcy court in the district wherein such party resides. Therefore, in view of this decision, it is clear that the lower court was without juris- diction to grant an injunction.

For the reason stated, the judgment of the lower court is reversed, and the cause remanded, with instructions to dismiss the proceedings, at the cost of respondent.

Reversed.

### On Rehearing.

The above-entitled cause was heard and decided by this court at the May term, 1914, wherein the judgment of the lower court was re- versed on the ground that such court did not have jurisdiction to en- join the petitioner, who resided in a district other than the one where the bankruptcy proceedings were instituted. The cause was again heard at this term of the court upon a petition for rehearing.

Counsel for respondent insisted, among other things, that the courts of bankruptcy "have a right to make binding orders in all such pro- ceedings as to parties of such proceedings, and others duly adjudicated as bankrupts. Such proceedings include all matters pertaining to the bankrupt and his estate, and such jurisdiction is exclusive, and intend- ed to be exclusive, of all other courts and persons as to the actual par- ties to the proceedings in bankruptcy," and cites the case of United States Fidelity & Guaranty Co. v. Bray, 225 U. S. 205, 32 Sup. Ct. 620, 56 L. Ed. 1055, in support of such contention.

While the position of counsel in this respect is correct, nevertheless the opinion of the court was based upon the theory that the petitioner

was not such a party to the original suit as to give the court jurisdiction for the purpose sought to be accomplished. It is admitted that the wages of the bankrupt for the months of September, October, and November, 1913, were paid to him. The respondent was adjudicated a bankrupt on November 3, 1913. Therefore the wages now due and involved in this controversy were earned subsequent to the adjudication.

As we stated in our former opinion, wages earned subsequent to the adjudication cannot be treated as a part of the bankrupt's estate. Such being the case, the claim of petitioner is adverse, and could only be litigated by ancillary proceedings in the district wherein respondent resides, or by a plenary suit in the state court.

The trustee—the bankrupt in this instance—could have availed himself of either of these remedies, and, having failed to do so, it necessarily follows that the court below was without jurisdiction.

This view is fully sustained by Judge Haight, Judge of the District Court of New Jersey, in a very able and instructive opinion in the case of In re Geller, 216 Fed. 558, in which the various cases bearing upon this point are reviewed.

After a careful consideration of the authorities, we are still of opinion that the holding of this court in the first instance was correct. Therefore we adhere to our former decision reversing the judgment of the lower court.