[Hershy Chocolate Co. v. Sharpe.]

# Hershy Chocolate Co. *v.* Sharpe.

### Mandamus.

(Decided February 1, 1917.   74 South. 33.)

1. **Receivers; Suits Against Receiver and Sureties; Statutes.**—Code 1907, Sec. 5730, authorizing a suit against any receiver appointed by any court in respect to any act or transaction of his in carrying on the business connected with the property in the state without previous leave of the court appointing him, does not apply to a suit against a receiver and sureties on his bond, in which case leave of the court to sue must first be obtained.

2. **Receivers; Liability of Sureties; Conditions Precedent.**—The sureties on a receiver's bond are not liable until all remedies available against the receiver are exhausted, and their liability cannot be enforced until the default has been ascertained on the final settlement of the receiver's account and a decree has established the receiver's inability to pay.

ORIGINAL petition in Supreme Court.

Petition by the Hershey Chocolate Company for mandamus to compel H. A. Sharpe, as Judge of the City Court of Birmingham, to vacate and annul an order granted by him setting aside a judgment obtained by petitioner against Joseph A. Yates as receiver, and others.   Denied.

The cause as it originally stood was a suit by the Hershey Chocolate Company against Joseph A. Yates, as receiver of the Wiley Candy Company, and the sureties on his official bond, and claimed certain damages for the breach of a bond given by said Yates as such receiver of the Wiley Candy Company; the breaches alleged being that he had broken the conditions of his bond, in that he had failed to pay petitioner certain sums of money for goods which said petitioner did bargain, sell, and convey to said Yates, as such receiver, all of which are still due and unpaid. Judgment was entered nil dicit, on November 2, 1914, against the receiver and his official bond, which judgment was on December 1, 1914, set aside.

STERLING A. WOOD for appellant.   GEORGE E. BUSH for appellee.

SOMERVILLE, J.—The petitioner herein recovered a judgment by nil dicit against one Yates, as receiver of the Wiley

Candy Company, and the surety on his receiver's bond; and within 30 days thereafter the defendants filed and presented to the trial court their motion to set aside and vacate the judgment. This motion was granted, and the judgment accordingly set aside. One ground of the motion—the one upon which the court seems to have based its action—was that the complaint did not state a cause of action.

On the theory that the action of the trial court was unauthorized and void, the plaintiff now seeks by mandamus to compel the vacation of the order setting aside the judgment, and the reinstatement of the judgment.

(1) Section 5730 of the Code authorizes a suit against any receiver or manager of property, appointed by any court, "in respect to any act or transaction of his in carrying on the business connected with such property in this state, without the previous leave of the court in which such receiver or manager was appointed. A judgment thus obtained becomes an ascertained charge·upon the property in gremio legis, subject to the orders and decrees of the court to which the receivership is attached.—34 Cyc. 447 (B).

But a suit against a receiver and the sureties on his bond is a wholly different matter, and the right to maintain such a suit is not within the purview of the statute referred to.

(2) "Before any resort can be had to. the sureties on a receiver's bond, all the remedies available against the receiver must be exhausted. Therefore as a rule the liability of the sureties on a receiver's bond cannot be enforced until a default has been ascertained, on the final settlement of the receiver's accounts, and there has been a decree establishing the receiver's inability to pay."—34 Cyc. 508, 2, and cases cited. The case is analogous to that of an administrator, upon whose bond no action lies until there has been a final decree in the probate court. —*State v. Germania Bank,* 103 Minn. 129, 114 N. W. 651. "The regular course of procedure  *  *  *  is to proceed against the receiver in the first instance, and, if he shall fail in the proper discharge of his duty within the scope of his bond, then to obtain leave of the court to sue upon his bond."—*State v. Gibson,* 21 Ark. 140; *Atkinson v. Smith,* 89 N. C. 72; *Black v. Gentery,* 119 N. C. 502, 26 S. E. 43.

Tested by these well-settled rules, the complaint in question did not exhibit any cause of action on the bond; for it does not

[Thompson v. Strong, Bagley and Bagley.]

allege that there has been any settlement of the receiver's accounts, nor any order or decree ascertaining his liability in the premises, nor does it show any authority from the receiver's court to sue upon the bond.

We hold therefore that the action complained of was proper, and that the petitioner is not entitled to the relief here sought.

Petition dismissed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.