## In re MONTEVALLO MINING CO.

### ROBERTS v. DAVIS, Atty. Gen., et al.

(District Court, M. D. Alabama, N. D. November 29, 1924.)

1. Bankruptcy ⊚⇒296—Court has power to protect its jurisdiction over bankrupt estates.

A court of bankruptcy cannot yield to a state court its exclusive jurisdiction with respect to the allowance or rejection of claims which may become, either primarily or ultimately, charges against a bankrupt estate, even though the suit in the state court is brought by state officers assuming to act on behalf of the state.

2. Bankruptcy ⊚⇒296—Prosecution of suit in state court enjoined.

Officers of a state commenced an action in a state court against the sureties on a bond given by a trustee in bankruptcy, with the approval of the court, to secure performance of a contract with the state, which contract, also with the approval of the court, he abandoned. The bankrupt estate was liable for any sum which might be recovered from the sureties. There were also counterclaims of the bankrupt estate against the state, arising out of transactions prior to the bankruptcy. *Held,* that the adjudication of such matters was within the exclusive jurisdiction of the court of bankruptcy, and that prosecution of the suit in the state court would be enjoined.

In Bankruptcy. In the Matter of The Montevallo Mining Company, bankrupt. On petition of David Roberts, Jr., trustee, against Harwell G. Davis, Attorney General, and L. A. Boyd, President of the State Board of Convict Supervisors, of the State of Alabama, for an injunction, and on motion of respondents to dismiss the petition. Motion denied, and injunction granted.

See, also, 278 F. 989.

David Roberts, Jr., as trustee of the Montevallo Mining Company, the bankrupt, by his petition shows that the Montevallo Mining Company was adjudicated a bankrupt in the District Court of the United States for the Southern Division of the Northern District of Alabama on January 25, 1922, and that said bankrupt estate is now being administered in that court. Roberts was appointed trustee on February 14, 1922, and is now acting as such trustee. Hon. Harwell G. Davis, Attorney General of the state, and Hon. L. A. Boyd, President of the State Board of Convict Supervisors, residents of Montgomery county, Ala., are made respondents to the petition. The American Surety Company and the Union Indemnity Company, each a corporation doing business in Montgomery county, Ala., are also made respondents.

Pursuant to the orders of said bankruptcy court the trustee operated the properties of the bankrupt, a coal mine in Shelby county, Ala., as a going concern, and in such operation made use of the convicts of the state of Alabama under a contract with the state made in the name of the state by said L. A. Boyd, president of the state board of convict supervisors, the officer or board authorized to contract in behalf of the state. The continued operation of the properties by

the trustee as aforesaid having been proven to be wasteful of the assets of the estate, the trustee, by the authority of said court, delivered the convicts back to the state before the expiration of the lease contract. At the time of making said contract with the state, and at the latter's instance, and with the authority of said court, the trustee executed a bond, with the American Surety Company and the Union Indemnity Company sureties, guaranteeing the faithful performance of the convict lease. In the application for such bond the trustee obligated himself as such to indemnify the sureties for all sums that the companies might be compelled to pay on account of such bonds.

Said Harwell G. Davis and L. A. Boyd, in their respective official capacities, have begun suit on the bond in the state circuit court of Montgomery county, Ala., in the name of the state against the surety companies, claiming damages, against the first of $7,000 and against the second of $20,000, on account of alleged breaches of said bond in delivering back said convicts, for loss of time of said convicts, expenses incident to removing and replacing the same, loss of crops, damage to furniture, and other things relating to the matter, and it is not disputed that said suit will be prosecuted by said officials to conclusion unless restrained by this court. It is without dispute that such properties were on and after the convicts had been delivered back to the state, leased by the trustee, with authority of the bankruptcy court, to the Thomas & Weller Mining Company, a corporation, which in turn and in its own name leased the convicts from the state of Alabama, to be worked in the mine property of the bankrupt estate. It is not denied on this hearing that there was much valuable machinery belonging to the bankrupt estate, in the mine, which it is alleged was damaged by the convicts to the extent of $20,000. It is shown that the state of Alabama has filed claim against the bankrupt estate, based upon matters and things arising before and at the time of the adjudication of the Montevallo Mining Company. Further it is alleged that the state has received on account of said claim $56,000, which is charged to be a preference over other creditors of the same class, and that the estate has not sufficient assets to pay all claims of such class.

It is also alleged that, if such suit is allowed to proceed to judgment, the rights of the petitioner trustee will be prejudiced, in that the several claims, counterclaims, set-offs, and recoupments in favor of the petitioner against the state of Alabama cannot be pleaded in the suit in the circuit court of Montgomery county, Ala., without consent of the petitioner. The trustee also represents that, under his agreement with the surety companies, petitioner will be compelled to reimburse said companies to the extent of the amount paid by them in satisfaction of the judgments obtained. The trustee avers in his petition that he cannot consent to the surety companies pleading said matters by way of set-off or recoupment, because such matters, as well as the determination of administration costs involved therein, are within the exclusive jurisdiction of the bankruptcy court, which is without right to surrender its jurisdiction over the same. The petitioner also shows that, while he has not sufficient assets to pay all claims against the estate, he has ample assets to pay in full any amount which the court of bankruptcy may determine is due, owing and payable to the state of Alabama on account of any claims set up in said suit. He also insists that such suits will have the effect of ousting the jurisdiction of the bankruptcy court to hear, determine, and allow or disallow claims against the bankrupt estate, and the extent and priority thereof, and the amount of administration costs and expenses.

And by amendment to his petition the trustee shows that previous to the institution of the suit in the state court there had been no ascertainment in the District Court in bankruptcy of the merits of said claims set up in the suit in the state court, and that petitioner as such trustee is without authority to pay any amount which may be legally due the state of Alabama from the estate; also, that the petitioner trustee has not, prior to nor since the institution of said suit, made final settlement in said bankruptcy proceeding of his accounts, and that no decree establishing liability against him as trustee in favor of the state has been rendered; further, that prior to the institution of the suits in the state court no redress has been sought against the petitioner, to ascertain the liability claimed in said suit, in order that remedy against the sureties on said bond may be pursued, as it is claimed, in said suit. Moreover, it is contended by petitioner that he discontinued the use of the convicts and surrendered them back to the state of Alabama under order of the District Court in bankruptcy; furthermore, that neither the petitioner nor the sureties on the bonds are liable to suit in any other court for his acts done in performance of

his duties under the order of said court, without the consent of such court; that said court has exclusive jurisdiction to hear and determine all matters pertaining to the administration of the estate by the petitioner as trustee; and that the suit instituted in the state court in behalf of the state was begun without the consent or permission of the District Court in bankruptcy.

The prayer invokes the ancillary jurisdiction of the bankruptcy court in aid of its original jurisdiction, where the bankruptcy proceedings are pending, and further prays for injunction restraining the Attorney General, and the President of the State Board of Convict Supervisors, the American Surety Company, and the Union Indemnity Company from the prosecution of the suits until the further orders of this court.

The application having been set down for hearing, all the parties to the petition were present. Davis and Boyd, respondents, opposed the granting of the injunction and moved the court to dismiss the petition or bill upon several grounds, in substance, that petition is a suit against the state, without the consent of the state, and therefore not within the jurisdiction of this court; that the petition is brought to compel the state without its consent to become a defendant in a suit, contrary to the provisions of the Constitution of the United States; and that this court is without jurisdiction in the premises, and that said petition or bill of complaint is without equity.

The respondents Davis and Boyd move to dismiss the petition, and object, upon the grounds stated, to the issuance of the injunction restraining them from the prosecution of the suit in the state circuit court.

Nesbit & Sadler, of Birmingham, Ala., and Steiner, Crum & Weil, of Montgomery, Ala., for petitioner.

Harwell G. Davis, Atty. Gen., of Alabama, for respondents.

CLAYTON, District Judge (after stating the facts as above). The jurisdiction of this court is invoked as ancillary to the proceedings in bankruptcy in the bankruptcy court of original jurisdiction; the defendants residing within this, the Middle, district of Alabama. Progressive Bldg. & Loan Co. v. Hall, 220 F. 45, 135 C. C. A. 613; Musica v. Prentice (5th C. C. A.) 211 F. 326, 127 C. C. A. 575.

[1] The chief insistence of the defendants is that this is a suit against the state, and therefore not maintainable. This can-

not be assented to. It must be conceded that the District Courts of the United States have paramount and exclusive jurisdiction in the administration of bankrupt estates, and especially is this true with respect to the allowance or rejection of claims which may become either primarily or ultimately a charge against the assets of the bankrupt estate. Undoubtedly the District Court itself cannot yield this jurisdiction to another tribunal. U. S. F. & G. v. Bray, 225 U. S. 205, 32 S. Ct. 620, 56 L. Ed. 1055. Therefore it cannot be questioned that the District Court has the inherent power to protect itself in the full exercise of its jurisdiction, even though the interference be attempted by state officers, acting or assuming to act in the name or on behalf of the state. If officers of the state should, under the guise of the discharge of their duties, institute suit in the name of the state to recover the possession of property in the custody or under control of the federal District Court, would it be contended that such court would be impotent to protect its jurisdiction? The mandate here sought of this court would adjudicate no rights against the state, nor would there be any attempt to determine the merits of the controversy between the state and the trustee; but such mandate would merely restrain the persons assuming to act in the name of the state from a course which directly involves matters and things over which the bankruptcy court has exclusive or paramount jurisdiction. Ex parte Tyler, 149 U. S. 164, 13 S. Ct. 785, 37 L. Ed. 689.

[2] The situation here is analogous to the now well-settled principle that officers assuming to act in their official capacity, though in the name of the state, may be restrained from the prosecution of suits or the enforcement of demands under statutes which are violative of constitutional rights or obnoxious to or in contravention of paramount authority. In such aspect this suit or petition by the trustee is, not in any proper sense a suit against the state. Poindexter v. Greenhow, 114 U. S. 270, 5 S. Ct. 903, 962, 29 L. Ed. 185; Reagan v. Farmers' L. & T. Co., 154 U. S. 362, 14 S. Ct. 1047, 38 L. Ed. 1014; Tindal v. Wesley, 167 U. S. 204, 17 S. Ct. 770, 42 L. Ed. 137.

It is true the trustee is not a party to the suits in the state circuit court, the prosecution of which is here sought to be restrained; but by operation of law he, and consequently the estate in his custody, must ultimately respond to the sureties for whatever they are made to pay. The suits are predicated upon the contract made by the

trustee in the course of the administration of the bankrupt estate, and by and with the approval and under the authority of the bankruptcy court, and rights arising in favor of the state, as well as individuals, in such circumstances, must of necessity be determined by the bankruptcy court, or in such other tribunal or proceedings as the bankruptcy court may expressly authorize. Any other rule would result in chaos in the administration of the trust estate. Porter v. Sabin, 149 U. S. 473, 13 S. Ct. 1008, 37 L. Ed. 815; Hershy Choc. Co. v. Sharpe, 199 Ala. 21, 74 So. 33; Berman v. Smith (D. C.) 171 F. 735. Manifestly, the trustee, in the administration of the trust confided to him, is an officer of the court, and is entitled to its protection.

Under the undisputed facts the demand sought to be recovered in the suit in the state court should be presented to and adjudicated by the court of bankruptcy in which the estate of the Montevallo Mining Company is being administered, or leave be obtained to proceed elsewhere. I think what has been said is decisive of the motion of the defendants to dismiss the petition of the trustee, as well as determinative of the defendants' objection to injunction restraining them from the prosecution of the suit in the state circuit court.

By appropriate order the prayer of the petition is granted, and Harwell G. Davis, the Attorney General of Alabama, L. A. Boyd, President of the State Board of Convict Supervisors, the American Surety Company, and the Union Indemnity Company, and all other persons who may have knowledge of such order, are enjoined from the further prosecution of said suit in the circuit court of Montgomery county, Ala.