G. B. LONG, et al. v. G. G. CROWLEY, et al.

Eastern Section.   March 20, 1929.

Petition for Certiorari denied by Supreme Court, October 13, 1929.

L. C. Ely, of Knoxville, for appellant.
Sells, Simmonds & Bowman, of Johnson City, for appellee.

PORTRUM, J. This case was formerly heard by this court and the Supreme Court, and remanded to the chancery court for a reference to determine the value of services rendered by the officers of the Cumberland Elkhart Coal Company, and the fair value, when fixed, to be deducted from the excessive salaries voted and collected by the officers. The reference has been executed, and the value of the services fixed by the Chancellor at the sum of $14,250; when the officers had retained as salaries the sum of $27,460. A judgment was granted against them for the difference, or the sum of $13,200. Upon the coming in of the report, the defendants moved the court to continue the case and stay a final determination until it could be determined in the bankruptcy court the exact amount

of the debts due by the corporation to its creditors, which was thought to be about $5000. The amount of the debts being made to appear to the court, then it was insisted that a judgment should be rendered for an amount not in excess of the bona-fide debts of the corporation. The Chancellor declined to entertain this motion and the defendants excepted and appealed.

Counsel representing the trustee in bankruptcy, who had intervened in the original proceeding, applied to the court for a lien upon the recovery for reasonable attorney fees and also for a reference to the Master to determine the value of the attorney fees. The trustee in bankruptcy, Mr. G. Mack French, excepted, through another of his attorneys, to the motion to declare a lien upon the recovery and fixing the fees by reference. The exceptions being overruled, the trustee, through his attorney, agreed that in lieu of a reference to the Master, the Chancellor might fix the amount of the fees, which he did by fixing the amount at $5000, and ordered that the same be taxed as part of the costs. The trustee has appealed and assigned error.

Counsel representing G. G. Crowley and his associates, the officers of the corporation, assign two errors, the first being that the Chancellor erred in refusing to postpone action in this case until a decree on the merits of the claim of Long, Price & Ventors could be had from the bankruptcy court at Norton, Virginia; and, second, the Chancellor erred in fixing the fee for attorneys representing the trustee in bankruptcy.

It is insisted that Long, Price & Ventors sold the capital stock of the corporation to G. G. Crowley and his associates, taking for the purchase price notes executed by the corporation and secured by a trust deed upon the property of the corporation, expressly releasing the purchasers of the capital stock from personal liability upon the notes for its purchase price. It is now claimed that the act of the corporation in giving its notes for its own capital stock, which was made out in the name of Crowley and others, was an ultra vires act, and the claim cannot be proved against the bankrupt estate. This claim being disallowed, only about $5000 of bona-fide creditors remaining, then the Chancellor should only grant a recovery in this cause for an amount sufficient to discharge the indebtedness. No account is taken in the $5000 indebtedness of the expense of administration, including counsel fees.

We find no error in the action of the Chancellor in disallowing the motion to suspend or continue the cause. This question was adjudicated by the Supreme Court in this case when it was before it. The court said:

"The Court of Appeals found that the complainants had successfully prosecuted their claim against the corporation in the bankrupt proceeding. That finding is questioned but need not be decided, for the reason that it is not necessary for the trustee in bankruptcy to show, as a condition precedent to recovering diverted assets of the corporation, that valid debts are owing by the bankrupt, and that he is without sufficient assets to pay them. Brew v. Myers, 17 L. R. A. (N. S.), 351; Breckons v. Snyder, 211 Pa., 176, 60 Atl., 575; 5 Manington on Bankruptcy (3 Ed.), Section 2240; Collier on Bankruptcy, pages 716, 724, 728."

We are of the opinion, however, that the Chancellor should not have taxed the fee of counsel representing the trustee as a part of the costs. The effect of this decree is to add the fee to the principal, making a recovery excessive by the amount of $5000. This was a suit to recover excess salaries collected by officers of the corporation. The suit was originally instituted by Long, Price & Ventors against the corporation to recover on these corporation notes given for the capital stock, and since the corporation is denuded of its assets by the excessive salaries, to obtain a judgment in favor of the corporation against its officers, and use the assets in discharge of the said notes. It was not a suit of the character in which the Chancellor taxes counsel fees out of the funds.

The trustee in bankruptcy, G. Mark French, assigns error to the action of the Chancellor, first, in not dismissing Long, Price & Ventors from the cause; second, in declaring a lien on the recovery in favor of Sells, Simmonds & Bowman and Chase & McCoy; and, third, in fixing the fee at $5000 or at any amount.

Sells, Simmonds & Bowman originally instituted the suit for Long, Price & Ventors, for the purpose above set forth. The corporation was adjudged a bankrupt in Virginia, and to maintain the suit it was necessary that the trustee intervene as a party. He did intervene and prosecuted it with effect. He employed the firm of Sells, Simmonds & Bowman as his attorneys. He is now assuming in the bankruptcy court, as he has a right to do, a position contrary to the interest of Long, Price & Ventors. He says that their claim is not a bona-fide claim against the corporation, and the corporation's act in executing the notes was an ultra vires act. He made a motion in the lower court to dismiss these parties as parties complainant. The Chancellor overruled the motion, and we cannot see that his action was material. The contest is not now between them and the trustee.

We are of the opinion that the Chancellor was without authority to declare a lien upon the recovery for services rendered by Sells, Simmonds & Bowman, after the intervention of the trustee. He

could not declare a lien on the recovery for services rendered prior to the intervention of the trustee, for the reason they rendered no service to the corporation, their services were rendered solely to their clients who have obtained no recovery in the cause.

We are of the further opinion that the Chancellor was in error in fixing the amount of the fees. The case was not an insolvency proceeding in the chancery court in the sense that the Chancellor was warranted in fixing complainants' solicitors a fee out of the proceeds brought into the cause. The suit was against the corporation as a defendant. The attorneys were sui juris, and so was the trustee. The trustee is controlled by the Federal law pertaining to bankruptcy, and his attorneys contract with him with knowledge of his limited authority. Under such circumstances, the Chancellor should have left the parties to litigate the question and the amount of the fee, independently of this cause, but in view of the bankruptcy laws, we are of the opinion that that forum has exclusive jurisdiction of the controversy.

"Attorneys' Lien for Services—

"The institution of proceeding in bankruptcy will not displace or invalidate an attorneys' lien on securities belonging to the bankrupt in the possession of the attorney, or on funds collected for the bankrupt or a judgment recovered for him, or (as the law is in some states) upon his cause of action. . . . So when a suit in which the bankrupt is the plaintiff, and which is pending and undetermined at the time of the bankruptcy, is taken up and prosecuted by the trustee, an attorney's lien for compensation for services rendered in the suit prior to the adjudication in bankruptcy, is preserved and is binding upon the trustee. But attorneys for a bankrupt are not entitled to a lien for fees for services rendered to the bankrupt subsequent to the institution of the proceedings in an ancillary suit by the receiver to recover money belonging to the estate." Black on Bankruptcy, Section 370; In re Wilson, 12 Fed., 235; Musica v. Prentice, 211 Fed., 326, 127 C. C. A., 575, 31 Amer. Bankr. Rep., 687.

It is claimed that the trustee is estopped because his attorney agreed to a reference. As stated, he objected to the court's declaring a lien or fixing any fee but since the court declined to entertain the exceptions, the attorney agreed that the Chancellor might fix a fee in lieu of a reference. This does not amount to an estoppel. The trustee is not vested with power to contract with an attorney for a certain specific fee, and he cannot accomplish by an estoppel what he cannot do directly.

160

The judgment of the lower court in fixing the fee and declaring a lien upon the recovery is reversed, but in all other respects affirmed. The appellee will pay two-thirds of the cost of the appeal, Long, Price & Ventors will pay the remainder.

Snodgrass and Thompson, JJ., concur.